786

### E. I. DU PONT DE NEMOURS & CO. v. BROWN.

#### No. 6809.

Circuit Court of Appeals, Third Circuit.
Feb. 11, 1939.

Rehearing Denied March 28, 1939.

Louis Rudner, of Trenton, N. J., and Katzenbach, Gildea & Rudner, of Trenton, N. J., Abel Klaw, of Philadelphia, Pa., for appellant.

George B. Marshall, of Woodbury, N. J. (S. Rusling Leap, of Camden, N. J., of counsel), for appellee.

Before DAVIS, BIGGS, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Lewis H. Brown, an employee of E. I. duPont de Nemours & Company, brought suit to recover damages sustained, as was alleged, by him by its negligence. On trial the jury found for the plaintiff, whereupon the employer company took this appeal. No principle or precedent is involved and the sole question at issue is whether the defendant's prayer for binding instructions in its favor should have been granted.

The plaintiff was an open air employee and the substance of his complaint is that he was transferred to indoor work in its dye plant; that at the time plaintiff's lungs were in an incipient tubercular state which was known to the defendant's medi-cal examination staff, but was not known to the plaintiff; that in the dye works plaintiff's work subjected him to fumes and gases which developed tuberculosis and undermined his health,—and that the defendant, with knowledge of his incipient tubercular condition, was negligent in not informing him of his condition, in putting him to work in the dye works, and in not informing him of the dangers incurred by him in working therein.

In its charge, to which no exception was taken, the court submitted the issues involved as follows:

"The first question is, did the defendant know at that time of a condition of the lungs of the plaintiff which would make it dangerous or might cause tuberculosis, or other pulmonary trouble if he was permitted to go to work in either of these buildings. For the purpose of holding the defendant at all liable you must determine that the corporation did have that knowledge. If you determine that the corporation did not have knowledge that the plaintiff's condition was such that it would injure him by permitting him to work in either one of these two buildings, then the plaintiff cannot recover.

"The second question is, was the plaintiff himself at the time he went to work there ignorant of any condition of his health, or of his lungs, which would induce him to believe that he might be injured by reason of the fact that he went to work where these odors or fumes were released, if any were so released. Now, if you find under the evidence that he knew of his condition at that time then he would take the risk himself if he went to work there.

"Then the third thing is whether the defendant knew or had reasonable cause to believe, that the plaintiff did not know that he had a condition in his lungs which would make it dangerous, or might indicate danger if he went into these buildings, the magenta building and the other building, to work. Now, that is the only basis upon which the plaintiff can recover. You must decide all those questions in the affirmative for the purpose of finding a verdict for the plaintiff."

A large amount of conflicting fact and expert and scientific testimony was taken and from an examination of it we are of opinion the court would have committed error had it taken the case from the jury. Without discussing the testimony in de-

tail, we refer to pages 66 and 329 of the record, to the effect that before his transfer to the dye plant plaintiff did not know of any alleged incipient tubercular condition; to pages 42, 43, 206 and 207, tending to show that in the dye works there were fumes from sulphuric and hydrochloric acids; to page 185, showing that inhalation of such fumes mostly affects the lungs; to pages 276 and 277 to the effect that inhalation of them is dangerous. In addition, we refer to the various reports of examinations of plaintiff held by defendant, viz., pages 615, 619, 621 and 631.

After consideration had of all questions and contentions made by defendant, we limit ourselves to holding the court committed no error in denying defendant's request for binding instructions, and being satisfied that the court in its charge and rulings committed no error, the judgment below is affirmed.