## MONTGOMERY COUNTY, MARYLAND ET AL. *v.* ATHEY

[No. 109, September Term, 1961.]

*Decided January 9, 1962.*

The cause was argued before HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*James S. McAuliffe, Jr.,* for appellants.

*Robert C. Heeney,* with whom were *John F. McAuliffe, Philip M. Fairbanks* and *Fairbanks, Heeney & McAuliffe* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

Montgomery County is appealing from the affirmance by the Circuit Court of an award of the Workmen's Compensation Commission to a member of the County police force for temporary total disability resulting from tuberculosis, diagnosed in 1959, which the employee, George C. Athey, claimed and the Commission found he contracted in the early part of 1956 from contact with a tubercular prisoner.

There was no reliance on the occupational disease provisions of the law. Athey recognizes that under the holding in *Cambridge Mfg. Co. v. Johnson,* 160 Md. 248, disability from tuberculosis ordinarily would not be compensable under the accidental injury statute, but claims here, as he did below, that the contact with the tubercular prisoner was an accidental cause of disability, comparable to the entrance of typhoid bacilli from polluted drinking water furnished by the employer in *Union Mining Co. v. Blank,* 181 Md. 62.

The case was tried by Judge Shook without a jury on the testimony taken by the Commission. We read the record as supporting the claim of the appellant, Montgomery County, that there was no evidence which would permit the finding of accidental injury made by the Commission and affirmed by Judge Shook.

Athey testified that in the course of his employment as a policeman of the Montgomery County police force, he had been briefly in the presence of two individuals who had tuberculosis. He could remember the name of only one. Two doctors testified on Athey's behalf. Neither said that Athey had contracted tuberculosis as a result of having been in the presence of a person suffering from the disease or even that it was probable that he had done so.

We may assume for the argument that proof of contact with a tubercular person from whom the claimant probably caught the disease would amount to an accidental and thus compensable injury under the compensation statute, but Athey cannot prevail because the Commission's finding that the disease was incurred as a result of an accidental injury is without any support whatever in the testimony. There must be a showing of causation, a showing of a reasonable probability that the disability came from an accidental injury which arose out of and in the course of the employment. *Reeves Motor Co. v. Reeves,* 204 Md. 576, 581; *cf. Bethlehem Steel Co. v. Jones,* 222 Md. 54, 57-58. The finding of such a probability on the testimony before the Commission could have amounted to no more than a speculative guess. *Ralph's Case,* 117 N. E. 2d 142, 144 (Mass.); *Reynolds v. General Motors Corporation,* 118 A. 2d 724, 728 (N. J. Super.); *cf. MacRae v. Unemployment Compensation Commission,* 9 S. E. 2d 595 (N. C.).

Athey says the award may be sustained on an alternative ground, nonfeasance by the employer, which was argued before the Commission and the Circuit Court.

As a result of health checks on its employees, Montgomery County doctors saw a spot on an x-ray plate of Athey's lungs in the latter part of 1956. Suspicious of tuberculosis, the doctors took skin and sputum tests immediately, which proved negative. Athey claims that the failure of Montgomery County to take similar tests every three months thereafter (which, under a liberal reading of the testimony, it could have been found the County ordinarily would have done) amounted to an accidental injury, or a series of accidental injuries, which were responsible for the tuberculosis. In making this con-

tention Athey relies on cases in other jurisdictions which have allowed recovery in tort by an employee against his employer for the failure of the latter to inform the employee of a dangerous or potentially dangerous condition or disease discovered in the course of a medical examination, such as *Union Carbide & Carbon Corporation v. Stapleton,* 237 F. 2d 229 (6th Cir.) ; *E. I. Du Pont de Nemours & Co. v. Brown,* 102 F. 2d 786 (3d Cir.) ; and *Wojcik v. Aluminum Company of America,* 183 N. Y. S. 2d 351. He finds them pertinent authorities in a compensation case by reason of *Tourville v. United Aircraft Corp.,* 262 F. 2d 570 (2d Cir.), which held the reasoning of those cases applicable under the Connecticut compensation statute.

None of the cases go beyond holding that disclosure to the employee of the dangerous or potentially dangerous condition discovered or indicated is required so that he may take whatever precautions he should take—none have required further tests by the employer, and Athey admitted the County doctors told him in 1956 what the x-ray showed and what they suspected.

If, nevertheless, we assume, without deciding, that Athey is abstractly right in his contention that the failure of the County to give him additional tests would amount to an accidental injury which would be compensable if it caused or aggravated his tuberculosis, he is not helped because the testimony again fails him.

There was no evidence that continuing tests would have shown him to have had tuberculosis before April 1959, when his disease was definitely diagnosed from County x-rays, and there was no evidence that the alleged delay in diagnosis was in fact prejudicial to his condition or that it delayed or increased the difficulty of its eventual cure, which has now occurred.

*Order reversed, with costs.*