PARISER BAKERY AND STATE ACCIDENT
FUND *v.* KOONTZ

[No. 384, September Term, 1964.]

---

*Decided July 30, 1965.*

The cause was argued before HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Charles R. Goldsborough, Jr., Special Attorney,* with whom were *Thomas B. Finan, Attorney General, J. Howard Holzer, Special Assistant Attorney General* and *J. Raymond Buffington, Jr., Special Attorney,* on the brief, for appellants.

No brief and no appearance for appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal on behalf of the Pariser Bakery, employer, and the State Accident Fund, insurer, from a judgment entered in the Baltimore City Court. The case was submitted to that court upon an agreed statement of facts. Chief Judge Manley affirmed the finding of the Workmen's Compensation Commission, that the claimant-appellee, Charles A. Koontz, had sustained an accidental personal injury arising out of and in the course of his employment.

For some years and on the date of the accident, the claimant had been employed by Pariser Bakery. On August 24, 1962, Koontz, who regularly worked the night shift, drove his automobile to the bakery and parked it on Sanford Place, a public street which dead ends into Pennsylvania Avenue opposite the bakery premises in Baltimore City. In order to get to the bakery at 2304 Pennsylvania Avenue, he walked down Sanford Place and across Pennsylvania Avenue to a door designated for the exclusive use of employees, officials and customers. He arrived at approximately 7:00 p.m., changed into his work clothes and went to the second floor where he operated a dough mixing machine.

Shortly before 4:00 a.m. on August 25, the claimant concluded his work, went down to the first floor of the plant to the locker room where he changed his clothes, punched out at the time clock, and departed from the building, intending to retrace his steps of the previous evening. He walked out of the bakery's entrance and across the truck loading area, which is approximately seventeen feet wide, covered by the extension of the second floor. This area abuts a public sidewalk fourteen feet wide in front of the bakery's premises. The curb of the sidewalk was beveled in front of the plant's loading area to permit its trucks to back to the loading platform.

When the claimant reached the point where the sidewalk meets the bakery's building line, he said that he took one step onto the sidewalk, heard a loud noise, looked to his right, saw an object and stepped back toward the building. An automobile,

driven at a high rate of speed, ran onto the sidewalk at the intersection of Pennsylvania Avenue and Baker Street. It continued in a northerly direction on the sidewalk, struck the right side of an automobile parked alongside the curb facing south on the west side of Pennsylvania Avenue, knocked down a street light located on the sidewalk next to the curb between the parked car and the building line, and then struck and injured the claimant. His body came to rest on the sidewalk about seven feet east of the bakery's building line, within that portion of the sidewalk where the west curbing of Pennsylvania Avenue had been removed. After being struck, the claimant said that he attempted to rise by putting his hands on the fender of one of the bakery's trucks, which was backed up to the loading platform. The automobile continued to move upon the sidewalk for some distance, went out into the street, and finally stopped ninety feet north of the place where the claimant was struck. The driver maintained that he lost control of the vehicle, which was five and a half to six feet wide, because of a faulty steering mechanism.

The appellants' sole contention on appeal is that the claimant's injury did not arise "out of" and "in the course of" his employment, as provided in Code (1957), Article 101, Section 15. An injury arises out of a claimant's employment when it results from some obligation, condition or incident of his employment. Whether it does must be decided from the facts and circumstances of each individual case. There must be a causal connection between the conditions under which the work is required to be performed and the ensuing injury. Thus, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment. However, it does not include an injury which can not be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been exposed away from the employment. *Scherr v. Miller,* 229 Md. 538, 184 A. 2d 916; *Watson v. Grimm,* 200 Md. 461, 90 A. 2d 180; *Hill v. Liberty Motors,* 185 Md. 596, 45 A. 2d 467. Here, the claimant's injury was

not one which followed as a natural incident of his work as a dough mixer. It did not result from a causative danger peculiar to his work, nor did it have its origin in a risk connected with the employment. The causative danger, a car being driven on the public sidewalk, was one common to the neighborhood. We find that the injury could not have arisen out of his employment.

The words "out of" and "in the course of" employment as used in the Workmen's Compensation Act are not synonymous, and both must be satisfied by the claimant to bring his case within the operation of the Act. *Perdue v. Brittingham,* 186 Md. 393, 47 A. 2d 491. An injury arising in the course of employment is one which occurs while the workman is doing the duty which he is employed to perform at a place where he reasonably may be in the performance of his duties. *Watson v. Grimm, supra; Consol. Engineering Co. v. Feikin,* 188 Md. 420, 52 A. 2d 913. In the case at bar, the claimant had ended his day's work on the second floor of his employer's building and dressed in the locker room preparatory to going home. He checked out of work by punching his time card, walked outside through the door used by both employees and customers, and was going home when he was struck by a stranger driving an automobile down the public sidewalk at a point approximately seven feet beyond the east side of the bakery's building line. We hold that under these facts the claimant's injury did not occur while he was doing the duty which he was employed to perform, nor was he engaged in doing something incidental to his employment. His period of employment ended when he "punched out" from his work, departed from the bakery's premises, and was actually crossing a public sidewalk on his way home.

It has been held consistently by this Court that employees who suffer injuries in going to and returning from their places of work are excluded from the benefits of the Workmen's Compensation Act. *Police Comm'r v. King,* 219 Md. 127, 148 A. 2d 562; *Rumple v. Henry H. Meyer Co., Inc.,* 208 Md. 350, 118 A. 2d 486; *Reisinger-Siehler Co. v. Perry,* 165 Md. 191, 167 Atl. 51. With respect to injuries received by an employee while on the street in front of the employer's premises when

going to or coming from work, the compensation acts have been generally held not to authorize an award in case of an injury from a peril which is common to all mankind, or to which the public at large is exposed. *Dep't of Correction v. Harris,* 232 Md. 180, 192 A. 2d 479; *Md. Paper Products Co. v. Judson,* 215 Md. 577, 139 A. 2d 219; *Lancaster v. Celanese Corp.,* 163 Md. 516; 163 Atl. 209. The claimant in this case sustained injuries on the public sidewalk while going from work and under the above rule was not entitled to workmen's compensation.

The lower court's memorandum opinion granting the claimant relief relies on the "proximity rule" exception to the general going and coming rule. This rule allows compensation for an injury to an employee when, under the special facts of the case, the employment itself involves peculiar and abnormal exposure to a common peril which is annexed as a risk incident to the employment, i.e., where the location of the plant is at a place so situated as to make the customary and only practicable way of immediate ingress and egress one of hazard which causes the injury. This is not the case here. The claimant was walking across an ordinary sidewalk. The danger which caused his injury was not a regular or frequent one to which his employment exposed him to a greater degree than was the general public. There was no evidence that he was placed near the danger by reason of his work, such as a railroad or a dock, to allow him compensation under the proximity rule. The gravamen of that rule is not that the employee is in close proximity to his place of employment, but rather that by reason of such proximity the employee is subjected to danger peculiarly or to an abnormal degree beyond that to which the general public was subjected. To allow recovery under the facts presented in this case would convert the proximity rule into a general rule applying to any street upon which a place of business might front. *Md. Paper Products Co. v. Judson, supra.* This would be an unwarranted extension of the proximity rule which, in effect, would make the employer general insurer of the health, safety and life of his employees.

*Judgment reversed. Costs to be paid by the appellee.*