CATHERINE KLEIN *v.* TERRA CHEMICALS
INTERNATIONAL, INC. ET AL.

[No. 276, September Term, 1971.]

*Decided January 28, 1972.*

The cause was argued before MURPHY, C. J., and MORTON and CARTER, JJ.

*H. Emslie Parks*, with whom were *Parks, Parks & Schneider* on the brief, for appellant.

*Nevin E. Leese* for appellee.

MURPHY, C. J., delivered the opinion of the Court.

The sole question presented by this workmen's compensation appeal is whether the accidental injury sustained by George Klein in the course of his employment with Terra Chemicals International, Inc. (Terra Chemicals), which resulted in his death, was one "arising out of" such employment within the contemplation of Maryland Code, Article 101, Section 15.[1]

---

* Note: *Certiorari* denied, Court of Appeals of Maryland, April 11, 1972.

1. This Section provides, in pertinent part:
   "Every employer subject to the provisions of this article, shall pay * * * compensation * * * for the disability or death of his employee resulting from an accidental

The pertinent facts are these: Klein was engaged by Terra Chemicals as a consultant, having previously been employed in a similar capacity by W. R. Grace & Co. It was Klein's responsibility to investigate the potential for marketing potash in the eastern part of the United States and to develop any other business potential which would be profitable for Terra Chemicals. As part of this employment, Klein was expected to attend various conferences and conventions in order to ascertain where potential business might lie. In addition to a fixed monthly fee, Klein was provided with an expense account covering meals, lodging, transportation, entertainment, and other business-related expenses.

On November 5, 1969 Klein registered at the Mayflower Hotel in Washington, D. C. where a large annual convention composed of several hundred representatives of the fertilizer industry was being held. The convention was to last several days and Terra Chemicals had agreed that Klein should attend and that it would pay his expenses. On the evening of November 5 Klein, in company with two representatives of the W. R. Grace & Co., and another from Kalium Chemicals, went to a public restaurant to have dinner. During the course of the meal, Klein ceased conversation, stopped eating, and sat immobilized at the table. He neither coughed, choked, nor made any expression of complaint. Subsequently, he was taken by ambulance to a hospital where a piece of meat was removed from the back of his throat. As a result of this tragic mishap, Klein died twelve days later, the cause of death being listed as "cardio-respiratory arrest, secondary to airway obstruction."

On these facts, the Workmen's Compensation Commission found that Klein's injury and death was compensable and awarded total dependency death benefits to his widow Catherine Klein, the appellant in this case. The employer-insurer appealed to the Circuit Court for

---

personal injury sustained by the employee arising out of and in the course of his employment without regard to fault as a cause of such injury * * *."

Baltimore County where a jury, on issues submitted to it, concluded from the evidence that Klein had sustained an accidental injury arising out of and in the course of his employment. Thereafter, the trial judge, W. Albert Menchine, granted a judgment n.o.v. in favor of the employer-insurer, appellees herein. He concluded that while there was no evidence of direct business discussions at the restaurant, there was "a permissible inference that Decedent [Klein] sought thereby to advance the interests of Employer," and that consequently the jury could properly have found that Klein was in the course of his employment when the accident occurred. But as Judge Menchine viewed the Maryland law, for an accidental injury to "arise out of" employment, it must be caused by a peculiar or increased risk to which the employee, as distinct from the general public, was subjected by his employment. Finding as a matter of law from the uncontradicted evidence in the case that the requisite causal relationship did not exist, Judge Menchine concluded "that the injury and death of the decedent did not arise out of his employment." This appeal followed.

The words "arising out of" and "in the course of" employment, as used in Section 15 of the Workmen's Compensation Act, are not synonymous and both must be satisfied by the workman to bring his case within the Act's coverage. *Perdue v. Brittingham,* 186 Md. 393.[2] The words "arising out of" employment refer to the cause or origin of the accident. *Dept. of Correction v. Harris,* 232 Md. 180. More specifically, as stated in *Pariser Bakery v. Koontz,* 239 Md. 586, at 589: "An injury arises out of a claimant's employment when it results from some obligation, condition or incident of his employment. Whether it does must be decided from the facts and circumstances of each individual case. There must be a

---

2. An injury arising in the course of employment is one which occurs while the workman is performing the duty which he is employed to perform at a place where he reasonably may be in the performance of his duties. *Watson v. Grimm,* 200 Md. 461.

causal connection between the conditions under which the work is required to be performed and the ensuing injury. Thus, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment. However, it does not include an injury which can not be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been exposed away from the employment." In other words, the causative danger must be peculiar to the work and not common to the neighborhood; it must be incidental to the character of the business and not independent of the relation of master and servant. *Consol. Engineering Co. v. Feikin,* 188 Md. 420; *Schemmel v. Gatch and Sons Etc. Co.,* 164 Md. 671. If there is evidence that the work causes the act or event resulting in injury, it is immaterial that the same event might occur from any other cause or at any other place; if, however, the causal connection between the injury and the employment is not apparent, then unusual or extraordinary conditions of the employment, constituting a risk peculiar to the work, may establish the causal connection between the work and the injury. *Scherr v. Miller,* 229 Md. 538, 543, citing *Perdue v. Brittingham, supra.*

That Klein choked on a piece of meat at a public restaurant while in the course of his employment with Terra Chemicals was not, in our opinion, the result of any obligation, condition, or incident of his employment; it did not occur because of any business activity attributable to his work. Klein's accident did not follow as a natural incident of his work; it was not, within reasonable contemplation, the result of any special exposure occasioned by the nature of his employment. Nor could it be traced to his employment as a contributing proximate cause; it did not flow from a hazard peculiar to his work, or incidental to the character of his employment. The risk he

encountered in the public restaurant of choking on a piece of meat was no greater or different in degree because of his employment than the risk experienced by all persons engaged in the process of eating a meal, whether in a restaurant or at home. There is no evidence in the record to show that Klein's injury was caused by any unusual or extraordinary condition of his employment. There was no evidence in this case to support an inference that exigent work-related circumstances caused Klein to choke on his food. In short, there was nothing in Klein's work, or in the conditions under which it was required to be performed, that caused his injury. We thus agree with Judge Menchine that under the uncontradicted evidence in the case, no relationship existed between Klein's choking on a piece of meat in the restaurant and his employment, even though his employment necessitated his eating in a public restaurant.[3]

In concluding that Klein's injury did not arise out of his employment, we have given careful consideration to the various arguments presented by appellant, together with the avalanche of cases cited in their support. Appellant urges that it is the law of Maryland that when an employee travels on behalf of his employer, he is within the course of his employment during the entire trip (except where there is a distinct departure on a personal errand), and any injury arising out of the trip necessarily arises out of the employment. In this connection, appellant claims that when the injury to a traveling employee has its origin in a risk created by the necessity of eating in public restaurants, the injury is compensable. To accept such generalizations would be to ignore the clear and meaningful distinction between the essential factors of "arising out of" and "in the course of" employment, and to accord traveling employees more favorable treatment than other employees. More than that,

---

3. We, of course, recognize the rule that if there is any evidence from which the jury could deduce a rational inference that the injury arose out of employment, the weight and value of that evidence is properly left to it as trier of facts. *Scherr v. Miller, supra.*

it would do violence to the general proposition that workmen, like other members of the general public, are not insured against the common perils of life. See *Sica v. Retail Credit Co.*, 245 Md. 606; *Tavel v. Bechtel Corporation*, 242 Md. 299. As heretofore indicated whether an injury "arises out of" employment must be decided from the facts and circumstances of each individual case. The rule applies equally to traveling as well as other employees. See *Refining Company v. Forrester*, 180 Md. 517.

Appellant cites a number of Maryland cases where traveling salesmen and other employees, whose work entailed travel on behalf of the employer, were compensated for injuries resulting from traffic accidents occurring during the course of employment.[4] She claims that these cases are authority for the proposition that an accident may "arise out of" employment even though not caused by a peculiar or increased risk to which the employee, as distinct from the general public, is subjected by his employment. We think it the likely rationale of these cases that such employees, because of the nature of their work, are overexposed or exposed to a peculiar and abnormal degree to traffic hazards distinct from and beyond that to which the general public is exposed; and, hence, injuries sustained in the course of employment in such circumstances arise out of employment.[5] But whatever the rationale of these cases involving traffic accidents, it is plain to us that in a case not involving such an accident, the general rules delineated in *Pariser Bakery* and its progeny are applicable in determining the question whether an injury is one "arising out of" employment. As heretofore indicated, we find no evidence that Klein

---

4. See *Ackerhalt v. Hanline Brothers*, 253 Md. 13; *Scott v. James Gibbons Co.*, 192 Md. 319; *Greenwald, Inc. v. Powdermaker*, 170 Md. 173; *Weston-Dodson Co. v. Carl*, 156 Md. 535.

5. See *Boteler v. Gardiner-Buick Co.*, 164 Md. 478 and *Refining Company v. Forrester, supra,* in which each cites the rule that to arise out of employment it is not necessary that there should exist a direct, active or physical connection between the act causing the accident and the employment, but it is sufficient if the accident arises directly out of circumstances which the servant had to encounter because of his *special* exposure to risks that, although external, were incidental to his employment.

was exposed to any peculiar, special, or increased risk of choking on his food, different from that encountered by the general public, by reason of eating in a public restaurant.

Appellant also urges that by analogy Maryland cases involving application of the "proximity rule" support her right to recovery. We cannot agree. That rule allows compensation for an injury to an employee when, under the special facts of the case, the employment itself involves peculiar and abnormal exposure to a common peril which is annexed as a risk incident to the employment. The gravamen of the proximity rule is not merely that the employee is in close proximity to his place of employment, but rather that by reason of such proximity, the employee is subjected to danger peculiarly or to an abnormal degree beyond that to which the general public was subjected. See *Stoskin v. Board of Education,* 11 Md. App. 355. The "proximity rule" does not dispense with the requirement that the injury, to be compensable, must arise out of the employment. In any event, that rule has no application to the facts of this case.

Finally, appellant suggests that we adopt the "positional-risk" test and find that an injury is compensable if it would not have happened but for the fact that the conditions or obligations of the employment placed the workman in the position where he was injured. Under this test, it does not matter whether the risk was common to the public or not, if it was a risk of employment. We decline to adopt this test. Under the law of Maryland, as heretofore indicated, the injury to be compensable, must not only be sustained in the course of employment, but it must also arise out of employment. Whether it does or not must be decided in light of the facts and circumstances in each case.

*Snyder v. General Paper Corporation,* 152 N. W. 2d 743 (Minn.), is a factually identical case to that now before us. There, the Minnesota Supreme Court, by a four to three decision, found that the accident was compensable. We, like Judge Menchine, are unable to accept the

180

reasoning of the majority in that case since it is not in accord with the Maryland law.

*Judgment affirmed; costs to be paid by appellant.*