■ In the Matter of CHARLOTTE LOTHROP, Respondent, v. HAMILTON WRIGHT ORGANIZATIONS, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals by the alleged employer and its two insurance carriers from decisions of the Workmen's Compensation Board, filed December 13, 1968, July 25, 1969, May 14, 1971, December 17, 1971, September 19, 1972, and March 16, 1973, which allowed death benefits to claimant-widow. Claimant is the widow of decedent Donald I. Lothrop, a photographer, who in 1966 entered into an agreement with the alleged employer, a public relations firm, whereby he was to take still pictures for it in Bolivia. While his term of work was indefinite, he was paid at the rate of $250 per week plus expenses, and this amount was to be paid to Don Lothrop Associates, a business operated by decedent and his wife. Decedent arrived in Bolivia in good health on February 14, 1966 and proceeded to travel throughout the country during the ensuing two months, taking pictures. After the completion of his work in Bolivia on April 18, 1966, he was directed by the alleged employer to Peru for additional work. Upon his arrival in that country, he was experiencing symptoms of hepatitis and, thereafter, came under the care of Dr. Manuel Ramirez, who diagnosed his condition as infectious viral hepatitis of the fulminant type. Decedent ultimately died in Lima, Peru on May 14, 1966, and his widow instituted this claim for death benefits. As noted above, the board granted her the benefits, ruling that decedent suffered an accidental injury by way of exposure to infection due to unsanitary working conditions in Bolivia. Appellants' first contention on this appeal is that decedent was not an employee of the alleged employer herein and, hence, his widow was improperly granted death benefits. We disagree. The board's

determination of decedent's employment status is factual in nature and must be affirmed when supported by substantial evidence (*Matter of Worth* v. *Hubbell Lbr. Corp.*, 29 A D 2d 1025). We find such substantial support here as evidenced by, *inter alia*, the control exercised over decedent's work activities by Mr. Thompson, the director of the picture-taking expedition and a representative of the alleged employer (*Matter of Grigoli* v. *Nito*, 11 A D 2d 581) and the method by which decedent was to be paid, namely, by the week and not a predetermined fee for the completed project (1A Larson, Workmen's Compensation Law, § 44.33). Appellant's second contention, that decedent's death from hepatitis was not an industrial accident, is similarly without merit. By traveling in Bolivia, decedent was necessarily exposed to deplorable sanitary conditions with regard to food and drink which, in the opinion of Dr. Ramirez, resulted in his liver infection and death. In an analogous situation in *Matter of Lepow* v. *Lepow Knitting Mills* (288 N. Y. 377) a salesman traveling in Africa on a mission for his employer contracted a disease and ultimately died from a mosquito bite, and the Court of Appeals held his death to be a compensable industrial accident. We hold likewise here. (See, also, *Matter of McDonough* v. *Whitney Point Cent. School,* 15 A D 2d 191.) Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.