488 A.2d 978

**Sandra KLETZ**

v.

**NUWAY DISTRIBUTORS, INC., et al.**

No. 700, Sept. Term, 1984.

Court of Special Appeals of Maryland.

March 8, 1985.

Paul D. Bekman, Baltimore (Daniel S. Katz and Kaplan, Heyman, Greenberg, Engelman & Belgrad, P.A., Baltimore, on the brief), for appellant.

Larry J. Albert, Baltimore (Niles, Barton & Wilmer, Baltimore, on the brief), for appellees.

Argued before BISHOP, GARRITY and ADKINS, JJ.

GARRITY, Judge.

On May 7, 1982, Mr. Albert Kletz, who had been previously diagnosed as suffering from leukemia, passed away after contracting an infection of unknown etiology while on a trip to the Far East made on behalf of his employer. We are asked to examine whether the Circuit Court for Baltimore City erred in finding that the evidence was insufficient to establish a causal connection between Mr. Kletz's employment and the accidental personal injury he suffered while on the trip.

Mrs. Sandra Kletz, the appellant and widow of Albert Kletz, filed a timely claim for death benefits with the Workmen's Compensation Commission (Commission). The claim was contested by the appellees, Nuway Distributors, Inc. (Nuway) and its insurer, Fidelity and Guaranty Insurance Underwriters (Fidelity). Following a hearing and the submission of reports by Sinai Hospital and Drs. Miller, Glasser, and Ettinger, the Commission found that Mr. Kletz did not sustain an accidental injury arising out of and in the course of his employment, and that his disability was not causally related to the accidental injury.

Upon appeal to the circuit court by Mrs. Kletz, Nuway and Fidelity filed a Motion for Summary Judgment on the issue of whether Mr. Kletz's accidental injury arose out of the course of his employment. While both parties agreed that Mr. Kletz had sustained an accidental injury during the course of his employment, the trial court found that, as a matter of law, Mr. Kletz's injury did not arise out of his employment. The court, therefore, granted summary judgment and dismissed the appeal.

### Factual Background

Since 1978, Albert Kletz had served as president of the Majestic Tool Corporation (Majestic), a subsidiary of Nuway. His duties as president of Majestic involved, among other things, purchasing hardware overseas for sale in the United States. These purchasing expeditions required Mr. Kletz to travel to the Far East at least three times a year. It was on his last trip to that region that he contracted an infection of unknown etiology while in Hong Kong.

In March of 1982, however, approximately one month before Mr. Kletz departed on his business trip to the Orient, he was diagnosed as suffering from chronic lymphocytic leukemia, and started on chemotherapy treatments. Upon the advice of his physician that his condition had improved and sufficiently stabilized, Mr. Kletz, together with the chairman of the company, left on the business trip.

Upon arrival in Taipei on April 27, 1982, Mr. Kletz telephoned his wife and assured her that he felt fine. On his last day in Hong Kong, however, Mr. Kletz began to experience symptoms of an illness evidenced by anorexia, malaise, fever and, subsequently, right lower quadrant abdominal pain. Mr. Kletz self-treated himself with Erythromycin and, in addition, received Penicillin injections from a physician in China. On May 6, 1982, Mr. Kletz returned to Baltimore, and was hospitalized at Sinai Hospital with an admitting diagnosis of acute appendicitis. Upon a showing of abnormal kidney and liver functions, as well as a positive blood culture for E. Coli, Mr. Kletz underwent an exploratory laporatomy. He expired during the operation as a result of "cardiorespiratory arrest due to or as a consequence of chronic lymphocytic leukemia." [1] The infection he contracted in Hong Kong was not identified as to type or origin by any of the treating physicians.[2]

The appellant claims that from these facts a reasonable inference could be drawn by a jury that Mr. Kletz's accidental injury, i.e., his infection, arose out of his employment and, therefore, summary judgment should not have been granted.

### Discussion and Application of Law

■ Where there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law, the court may grant summary judgment to that party. Maryland Rule 2–501. If the facts are susceptible of more than one inference, however, the trial court must resolve all inferences against the party moving for summary judgment. *Honaker v. W.C. & A.N. Miller Development Com-*

---

1. An autopsy was not performed.

2. Dr. Ettinger, an oncologist who examined the decedent's medical records relative to his condition prior to his trip to the Orient, stated that these reports disclosed an increased number of white blood cells and lymphocytes. It was the opinion of Dr. Ettinger that Mr. Kletz was at risk of infection throughout the course of his short illness.

*pany,* 285 Md. 216, 231–32, 401 A.2d 1013 (1979); *Brewer v. Mele,* 267 Md. 437, 298 A.2d 156 (1972); *Berg v. Merricks,* 20 Md.App. 666, 318 A.2d 220 (1974).

■ The Workmen's Compensation Act imposes liability upon the employer only where there is a causal connection between the employment and the accidental injury. The phrases, "in the course of employment" and "arising out of employment" used in § 15 of the Workmen's Compensation Act, are not synonomous. Indeed, both conditions must be satisfied in order to recover compensation. In *Watson v. Grimm,* 200 Md. 461, 90 A.2d 180 (1952), the Court of Appeals held that an injury arising in the course of employment is one which occurs while the employer is performing the duty which he is employed to perform at a place where he reasonably may be in the performance of his duties. With respect to "arising out of employment," we said in *Klein v. Terra Chemicals International, Inc.,* 14 Md.App. 172, 286 A.2d 568 (1972):

> The words "arising out of" employment refer to the cause of origin of the accident. *Dept. of Correction v. Harris,* 232 Md. 180 [192 A.2d 479 (1963) ]. More specifically, as stated in *Pariser Bakery v. Koontz,* 239 Md. 586, at 589 [212 A.2d 324 (1965) ]: "An injury arises out of a claimant's employment when it results from some obligation, condition or incident of his employment. Whether it does must be decided from the facts and circumstances of each individual case. There must be a causal connection between the conditions under which the work is required to be performed and the ensuing injury. Thus, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment. However, it does not include an injury which cannot be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been exposed away from the em-

ployment. In other words, the causative danger must be peculiar to the work and not common to the neighborhood; it must be incidental to the character of the business and not independent of the relation of master and servant. *Consol. Engineering Co. v. Feikin*, 188 Md. 420 [52 A.2d 913 (1947)].... *Id.* at 175–76, 286 A.2d 568.

In support of her position, Mrs. Kletz principally relies on two cases from our sister state of New York. These cases also involved employees who died as a result of diseases contracted in foreign countries while on business for their employers. In *Lepow v. Lepow Knitting Mills, Inc.*, 288 N.Y. 377, 43 N.E.2d 450 (1942), a salesman, while on business in South Africa, was stricken with malignant tertian malaria, a disease prevalent in South Africa caused by the bite of a mosquito native to that region. The Court held that since Lepow had been sent to an area where he was exposed to the peril of a disease peculiar to that region, his accidental injury arose out of and in the course of his employment.

Similarly, in *Lothrop v. Hamilton Wright Organizations, Inc.*, 45 A.D.2d 784, 356 N.Y.S.2d 730 (1974), the widow of a photographer received workmen's compensation benefits for her husband who died from hepatitis as a result of having been exposed to infection due to the unsanitary working conditions in Bolivia at that time.

In both *Lepow* and *Lothrop*, the employees died as a result of a disease or infection contracted solely because they had been sent to areas where the disease was either peculiar to that region or the malady foreseeable due to the working conditions. Furthermore, in both of these cases, as distinguished from the case at bar, the infection/disease *and* its source/origin were identified, and the trier of fact was not required to speculate or surmise as to the existence of a causal connection between the illness and the employment.

Where both the type of infection/disease and its source/origin have been identified, we have often been able

to recognize by direct or circumstantial evidence a causal connection between such disease or illness and the claimant's employment: *Union Mining Co. v. Blank,* 181 Md. 62, 28 A.2d 568 (1942), where the claimant contracted typhoid fever from drinking spring water provided by his employer at the work site; *Victory Sparkler v. Francks,* 147 Md. 368, 128 A. 635 (1925), where the employee's gradual and insidious contraction of phosphorous poisoning through protracted inhalation of pyrotechnic fumes presented a known disease from a known source; and *Bethlehem-Sparrows Point, Inc. v. Scherpenisse,* 187 Md. 375, 50 A.2d 256 (1946), where claimant stepped on a nail at work, sustained a puncture wound in the left foot and eventually died of typhus fever caused by a virus entering the wound.

■ In essence, it is established in Maryland that if there is evidence that the work causes the act or event resulting in injury, it is immaterial "that the same event might occur from any other cause or at any other place." *Perdue v. Brittingham,* 186 Md. 393, 402, 47 A.2d 491 (1946). If the causal connection between the injury and the employment is not apparent, "then unusual and extraordinary conditions of the employment, constituting a risk peculiar to the work, may establish the causal connection between the work and the injury." *Scherr v. Miller,* 229 Md. 538, 543, 184 A.2d 916 (1962). An injury, however, which cannot be fairly traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman could have been equally exposed apart from the employment, is excluded from coverage under the Workmen's Compensation Act. *Schemmel v. Gatch and Sons Etc. Co.,* 164 Md. 671, 683, 166 A. 39 (1933).

■ In *Klein v. Terra Chemicals International, Inc., supra,* the claimant's decedent had traveled to the eastern part of the United States to develop business potential for his employer. While attending a convention, Klein and several other consultants went to a public restaurant for dinner. During the course of the meal, Klein choked on a

piece of meat, and subsequently died of "cardiorespiratory arrest, secondary to airway obstruction." We held that although Klein was acting in the course of his employment, since it could be inferred that he was attempting to advance the interests of his employer while dining, the injury did not arise out of his employment. We explained that:

> Klein's accident did not follow as a natural incident of his work; it was not, within reasonable contemplation, the result of any special exposure occasioned by the nature of his employment. Nor could it be traced to his employment as a contributing proximate cause; it did not flow from a hazard peculiar to his work, or incidental to the character of his employment. The risk he encountered in the public restaurant of choking on a piece of meat was no greater or different in degree because of his employment than the risk experienced by all persons engaged in the process of eating a meal, whether in a restaurant or at home. There is no evidence in the record to show that Klein's injury was caused by any unusual or extraordinary condition of his employment. There was no evidence in this case to support an inference that exigent work-related circumstances caused Klein to choke on his food. In short, there was nothing in Klein's work, or in the conditions under which it was required to be performed, that caused his injury.

Likewise, in the case *sub judice,* we cannot hold that decedent's infection was the result of any obligation, condition or incident of his employment. There is absolutely no evidence that Mr. Kletz's infection was of a type found only in the Far East. Furthermore, there was no proof that the risk of contracting an infection due to his weakened immune system would have been any greater in the Orient than at home in the United States.

Where the inferences from undisputed facts do not, when construed in favor of the non-moving party, constitute even a mere scintilla of evidence and amount to no more than mere surmise, possibility or conjecture, the issue of causal connection is a question of law. *Arshack v. Carl M.*

*Freeman Associates,* 260 Md. 269, 272 A.2d 30 (1971). Accordingly, we hold that the lower court properly granted appellees' motion for summary judgment.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.