## 75569. FULTON-DeKALB HOSPITAL AUTHORITY v. BISHOP.
(365 SE2d 549)

SOGNIER, Judge.

Keith Bishop, an emergency medical technician (EMT) who was employed by the Fulton-DeKalb Hospital Authority, which operates Grady Memorial Hospital, filed a claim seeking benefits under the Workers' Compensation Act, OCGA § 34-9-1 et seq., after contracting hepatitis B, an infectious viral disease. The order of the administrative law judge (ALJ) awarding Bishop benefits was affirmed both by the State Board of Workers' Compensation and the Superior Court of Fulton County. We granted the hospital authority's application for discretionary appeal and reverse.

Former OCGA § 34-9-280 (3) (E) (amended Ga. L. 1987, p. 1474, § 1; OCGA § 34-9-280 (2)) lists the five criteria which must be met before a disease which is incurred as a result of exposure to or contact with some harmful substance will be deemed an occupational disease. See *Synalloy Corp. v. Newton*, 254 Ga. 174, 175 (326 SE2d 470) (1985). Those criteria are as follows: "(i) A direct causal connection between the conditions under which the work is performed and the disease; (ii) That the disease followed as a natural incident of exposure by reason of the employment; (iii) That the disease is not of a character to which the employee may have had substantial exposure outside of the employment; (iv) That the disease is not an ordinary disease of life to which the general public is exposed; (v) That the disease must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence." An employer is liable for compensation for occupational disease under OCGA § 34-9-280 et seq. "only where [the] disease arose out of and in the course of the employment in which the employee was engaged under such employer, was contracted while the employee was so engaged, and has resulted from a hazard characteristic of the employment in excess of the hazards of such disease attending employment in general." Former OCGA § 34-9-281 (b) (2) (OCGA § 34-9-281 (b) (1)).

Appellant submitted and the ALJ accepted the letter statement by Dr. David Vroon, Director of the Clinical Laboratory and Associate Chief of Pathology and Laboratory Medicine at appellant's facility, in which it was asserted that "[h]epatitis B is a fairly common viral disease found in all sectors of the American population. A person may be infected in a number of different ways, many of which would not necessarily be recognizable to the infected person. . . . The difficulty in recognizing contagious carriers or victims of hepatitis B make unknowing contact with contagious hepatitis more likely in all facets of life. Hepatitis B is an ordinary disease of life to which the general public is exposed. It is of such a character that an employee

may have substantial exposure outside of the scope of his employment. Contraction cannot be linked exclusively to any particular activity or employment."

Appellee testified that his work placed him in close contact with the bodily fluids of other people. However, appellee presented no evidence that any of the persons with whom he had work contact during the incubation period for hepatitis B was a contagious carrier or victim of the disease. Appellee's remaining evidence consisted of a publication asserting that the nature of an EMT's work placed an EMT in situations where the possibility of contracting hepatitis B is three to five times greater than that experienced by the average person. While arguably fulfilling the criteria in former OCGA § 34-9-280 (3) (E) (i), (ii), and (v), (OCGA § 34-9-280 (2) (A), (B), and (E)), the evidence presented by appellee failed to address the criteria in subsections (iii) and (iv), (subsections (C) and (D), respectively). Thus, the only evidence of record in regard to these criteria unrebuttedly established in this case that hepatitis B is of a character to which appellee may have had unknowing and substantial exposure outside of his employment and is an ordinary disease of life to which the general public is exposed.

Since former OCGA § 34-9-280 (3) (E) requires the employee to prove *all* five of the criteria set forth therein, which appellee failed to do, neither the State Board of Workers' Compensation nor the ALJ could have determined that the hepatitis B contracted by appellee constituted an occupational disease. Therefore, appellant was erroneously held liable for compensation for appellee's illness under OCGA § 34-9-281 (b) and the order of the superior court affirming the State Board of Workers' Compensation must accordingly be reversed.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur in the judgment only.*

DECIDED FEBRUARY 9, 1988.

*Scott R. Owens, Clare H. Draper IV, Randall L. Allen*, for appellant.

Attorney for appellee withdrew.