Argued and submitted January 13, reversed and remanded for acceptance of claim
July 27, 1988

In the Matter of the Compensation of
Wilma A. Moore, Claimant.

**MOORE,**
*Petitioner,*

*v.*

**DOUGLAS COUNTY et al,**
*Respondents.*

(WCB 86-06466; CA A44242)

757 P2d 1371

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Karen M. Werner, and Malagon & Moore, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of an order of the Worker's Compensation Board affirming the referee's order denying compensation for her hepatitis claim. The issue is whether claimant proved that her exposure to hepatitis on the job was the medical cause of her condition. On *de novo* review, we find that she did and reverse.

Claimant worked as a registered nurse at the Douglas County Correctional Facility, where she provided medical and dental services to inmates. As a part of her job, she regularly came in contact with inmates' bodily fluids, including blood, mucus, semen and urine. A number of the inmates and the staff had hepatitis A or B. Hepatitis B may be transmitted only by contact with bodily fluids. Accidental needle pricks are a common source of exposure to the disease. On October, 26, 1985, claimant had assisted in a particularly bloody dental procedure, without the protection of gloves or mask. The next day, she accidentally pricked herself with the needle on one of the bloody syringes used in the procedure that had been soaking overnight.

The incubation period for hepatitis is 40 to 180 days, with symptoms manifesting themselves two to three months after exposure. In late December, 1985, claimant first noticed the symptoms of what she suspected was hepatitis. In February, 1986, Dr. Cervi-Skinner diagnosed hepatitis B. He reported:

> "As an employee of the Douglas County Correctional Institute, I am sure that [claimant] is exposed to numerous individuals that are potential carriers of the hepatitis B virus. * * * The patient did recall * * * puncturing her hand or finger while washing or working with some medical instruments. Apparently this was some time in October. The incubation period for hepatitis B is variable and it is most likely that an exposure in October will result in the active disease in 2-3 months.

> "* * * As to the place of contact by her history, occupation, and exposure to probable multiple individuals that are potential carriers of this virus, *it is only logical to assume that she did contract her hepatitis at her place of employment.* There is no question that health professionals are at a higher risk of contracting hepatitis B." (Emphasis supplied.)

Claimant testified that her off-the job activities from August 1, 1985, to February 26, 1986, did not expose her to persons with hepatitis, probable hepatitis agents or any type of activity that likely would have caused hepatitis. The referee expressly found her credible.

The referee found that claimant proved legal causation. However, he concluded that she had failed to prove medical causation on the ground that her doctor's opinion about the causal relationship was based on mere possibilities or speculation, rather than on a reasonable medical probability. The referee noted that Cervi-Skinner reported that "it is only logical to assume" that claimant contracted hepatitis at her place of work and concluded that "[t]he reported opinion, cast in such terms does not establish causal relationship based on a reasonable medical probability."

We conclude that claimant established legal *and* medical causation. The evidence is uncontroverted that she regularly came in contact with bodily fluids of inmates which are potential sources of the hepatitis virus, that inmates and staff in her workplace had the disease, that claimant's needle prick incident was a potential means of contracting the virus and that her symptoms appeared within the incubation period for the disease after the incident. There was no evidence of any off-work exposure to the disease. Although Cervi-Skinner did not use the "magic words" "reasonable medical probability," the language he did use, in the context of the entire report and taken with the other evidence, is sufficient to establish that the medical cause of claimant's hepatitis was contact with the virus in the work place.

Reversed and remanded for acceptance of the claim.