554 A.2d 440

BOARD OF TRUSTEES OF the FIRE AND POLICE EM-
PLOYEES RETIREMENT SYSTEM OF the CITY
OF BALTIMORE

v.

Lenwood POWELL.

No. 995, Sept. Term, 1988.

Court of Special Appeals of Maryland.

March 8, 1989.

L. William Gawlik, Asst. Sol. (Sheldon H. Press, Chief Sol. on the brief), Baltimore, for appellant.

No brief or appearance by appellee.

Argued before ALPERT, KARWACKI and POLLITT, JJ.

ALPERT, Judge.

In this appeal we must decide the quality of evidence necessary in a disability retirement case to prove a causal relationship between the contracting of hepatitis B and employment as an emergency medical technician. The sole question presented in this appeal is whether the hearing examiner erred in finding an injury to the claimant appellee arising out of and in the course of the actual performance of duty, as required by the Baltimore City Code, art. 22, § 33(1) (1983 Repl.Vol. and 1987 Cum.Supp.) (the "Code").

Lenwood Powell began his employment with the Baltimore City Fire Department in May of 1980. He also became a member of the Fire and Police Employees Retirement System of the City of Baltimore at that time. Prior to his employment with the Fire Department, appellee was required to submit to a physical examination. The results of this examination indicated that he was physically healthy and that he was not suffering from any type of disease. His position with the Fire Department was that of Firefighter and Emergency Medical Technician for Truck Company 12, located at Liberty Heights and Garrison Boulevard. His duties in that capacity occasionally required him to treat individuals in emergency situations who were experiencing a loss of blood due to automobile accidents, gunshot wounds, or other serious trauma. He continued working for the Fire Department until November 3, 1986, when he was diagnosed as having hepatitis-B.

On February 17, 1987, appellee filed an application for Ordinary Disability Retirement because he could no longer work as a firefighter due to his illness. On the application

he indicated that the disability was "hepatitis-B" and that the cause of disability was "unknown." Ordinary Disability Retirement compensates an employee for an illness or injury which precludes him from further performance of his duties. Section 34(c) of the Code.

Subsequently, on June 15, 1987, he filed an application for Special Disability Retirement. In this application, appellee alleged that he contracted hepatitis-B within a "six month period prior to November 1986," and that he contracted the disease from "any number of trauma victims (he) had occasion to treat, via contact with blood or body fluids."

At the hearing thereon, appellee could not pinpoint any specific incident where he treated or assisted a trauma victim who was suffering from hepatitis-B. He did present evidence, however, that indicated it was possible that he contracted the disease from a trauma victim. Captain John R. Johnson of the Baltimore City Fire Department testified that he personally knew there had been occasions when firefighters have come in contact with persons infected with hepatitis-B. Various co-employees of the appellee testified that they witnessed the appellee rendering medical assistance to people who may or may not have been exposed to the virus. Mr. Joseph Harris, a co-employee, testified that it was a "very strong possibility" that the appellee contracted the disease from one of the victims he assisted. In addition, several magazine articles dealing with the prevention of hepatitis among pre-hospital care providers were admitted into evidence.

The hearing examiner awarded Special Disability Retirement to the appellee. He adopted appellee's rationale that "since he (appellee) was clearly and concededly free of the disease when he was hired as a firefighter in 1980, and since there is no indication or explanation of how he might have acquired the disease other than through his contacts with victims who he was required to treat as part of his emergency medical technician duties, his incapacity should be held to arise out of and in the course of the actual course of his job." The circuit court affirmed the award.

Upon noting a timely appeal, appellant contends that the hearing examiner was clearly erroneous in finding an injury to the claimant-appellee arising out of and in the course of the actual performance of duty, as required by the ordinance.

The scope of our review of this administrative agency decision is set out in the Code, Section 33(1), which states the following: "The final determination of the hearing examiner shall be presumptively correct and shall not be disturbed on review except when arbitrary, illegal, capricious or discriminatory." This section limits a reviewing court's power to reverse administrative actions and follows the general policy regarding review of administrative agency decisions. *See Annapolis v. Annapolis Waterfront Co.,* 284 Md. 383, 395, 396 A.2d 1080 (1979); *Howard County v. Davidsonville Area Civic Ass'n,* 72 Md.App. 19, 34–35, 527 A.2d 772 *cert. denied,* 311 Md. 286, 533 A.2d 1308 (1987); and *Cardon Investments v. Town of New Market,* 55 Md.App. 573, 590, 466 A.2d 504 (1983), *aff'd,* 302 Md. 77, 485 A.2d 678 (1984). Nevertheless, it does give the court the power to reverse an administrative decision that is arbitrary, capricious, illegal or discriminatory.

In the case at bar, the hearing officer was required to find that appellee's disability "arose out of and in the course of" the actual performance of duty in order to award him Special Disability Retirement. Section 33(1) of the Code. The appellee-claimant had to prove to the hearing examiner "by a preponderance of the evidence that such disability was the result of an injury arising out of and in the course of the actual performance of duty, without willful negligence on the member's part." *Id.* We hold that the appellee plainly failed to meet his burden, and therefore, the hearing examiner's decision to award him special disability was arbitrary and illegal, and consequently must be reversed.

The terms "arise out of and in the course of his actual performance of duty" have not been judicially interpreted in

Maryland in the context of special disability retirement, but they have been construed in the context of the worker's compensation statute. Cases under the worker's compensation statute are helpful in analyzing pension and retirement cases. *See Board of Trustees v. Grandinetti,* 269 Md. 733, 737, 309 A.2d 764 (1973); *Heaps v. Cobb,* 185 Md. 372, 383, 45 A.2d 73 (1945). These terms ("out of" and "in the course of") are not synonymous; in order for a claimant to be compensated for his injury he must show that the injury both arose "out of" and occurred in the "course of" his employment. *Pariser Bakery v. Koontz,* 239 Md. 586, 590, 212 A.2d 324 (1965); *Watson v. Grimm,* 200 Md. 461, 465, 90 A.2d 180 (1952); *Kletz v. Nuway Distributors,* 62 Md. App. 158, 162, 488 A.2d 978 (1985); Gilbert and Humphreys, *Maryland Workers' Compensation Handbook,* § 5.4 (1988); and Pressman, *Workman's Compensation in Maryland,* § 2–6 (1977 and 1980 Supp.).

In *Klein v. Terra Chemicals International, Inc.,* 14 Md.App. 172, 175–76, 286 A.2d 568 (1972). We defined the terms "arising out of" as follows:

The words "arising out of" employment refer to the cause or origin of the accident. *Dept. of Correction v. Harris,* 232 Md. 180 [192 A.2d 479]. More specifically, as stated in *Pariser Bakery v. Koontz,* 239 Md. 586, at 589 [212 A.2d 324]: "An injury arises out of a claimant's employment when it results from some obligation, condition or incident of his employment."

In *Watson, supra,* 200 Md. at 466, 90 A.2d 180, the Court of Appeals held that an "injury arises in the course of employment when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties and while he is fulfilling those duties or engaged in doing something incident thereto." *See also Maryland Casualty Co. v. Insurance Co. of North America,* 248 Md. 704, 707, 238 A.2d 88 (1968); *Pariser Bakery, supra,* 239 Md. at 590, 212 A.2d 324; *Kletz, supra* 62 Md.App. at 162, 488 A.2d 978; and Gilbert and Humphreys, *Maryland Workers' Compensation Handbook,* § 5.3–5.4.

■ Concomitant to showing that the injury arose out of and in the course of employment, the claimant must prove a definite causal connection between the injury and the job.

> The law requires proof of probable, not merely possible, facts, including a causal relationship. Reasoning *post hoc, propter hoc* is a recognized logical fallacy, a *non sequitur.* But sequence of events, plus proof of *possible* causal relation, may amount to proof of *probable* causal relation, in the absence of evidence of any other equally probable cause.

*Paul Construction Co. v. Powell,* 200 Md. 168, 181, 88 A.2d 837 (1952) (emphasis in original).[1] This basic concept has been restated on a number of occasions since *Paul Construction Co.* In *Reeves Motor Co. v. Reeves,* 204 Md. 576, 581, 105 A.2d 236 (1954), the Court of Appeals stated "possibility that the injury caused the result must amount to more than a guess and the relation of the accident to the condition complained of in point of time and circumstance must not be merely fanciful." In *Bethlehem Steel Co. v. Jones,* 222 Md. 54, 58, 158 A.2d 621 (1960), the court stated that "the proof must rise above a mere guess or speculation." *See also Board of Trustees v. Grandinetti,* 269 Md. 733, 737, 309 A.2d 764 (1973); *Montgomery County v. Athey,* 227 Md. 312, 314, 176 A.2d 766 (1962); *Old v. Cooney Detective Agency,* 215 Md. 517, 529, 138 A.2d 889 (1958); *Continental Group v. Coppage,* 58 Md.App. 184, 191, 472 A.2d 1014 (1984); *January v. Zielenski,* 27 Md. App. 390, 393, 340 A.2d 381 (1975); *Yellow Cab Co. v. Bisasky,* 11 Md.App. 491, 504, 275 A.2d 193, *cert. denied,* 262 Md. 745, 751 (1971).

Although Maryland has not specifically dealt with a case involving an employee contracting hepatitis, we find persuasive decisions from other jurisdictions whose rules on establishing a causal connection between the claimant's

---

[1] Unfortunately for appellant, he did not establish a "sequence of events" nor did his proof "rise above a mere guess or speculation."

injury and his employment are similar to Maryland's. *See Fulton–DeKalb Hospital Authority v. Bishop,* 185 Ga.App. 771, 365 S.E.2d 549 (1988) (emergency medical technician who contracted hepatitis-B denied workmen's compensation benefits because he failed to show that he could not have contracted the disease outside of his employment); *City of Tamarac v. Varellan,* 463 So.2d 479, 480 (Fla.App.1985) (court denied workmen's compensation to an employee who alleged he contracted hepatitis-B while swimming in an algae-ladened pool during his police academy training because he failed to produce any clear evidence showing a causal connection between his contracting the disease and his swimming in a pool which was not shown to be contaminated); *Hillsborough County School Board v. Bigos,* 396 So.2d 848, 849 (Fla.App.1981) (court denied workmen's compensation to a teacher who contracted infectious hepatitis because there was no substantial evidence to support finding that there was a causal connection between her injury and her employment); *Booker v. Duke Medical Center,* 297 N.C. 458, 256 S.E.2d 189 (1979) (a laboratory technician who contracted serum hepatitis was entitled to workmen's compensation because he established a causal connection between his employment and the disease. The evidence showed that he routinely handled and tested blood samples that showed a positive diagnosis of serum hepatitis); *Geist v. Martin Decker Corp,* 313 So.2d 1 (La.1975) (dismissal of workmen's compensation reversed, employee should have been allowed to prove a causal connection between his contracting hepatitis and his employment); *Moore v. Douglas County,* 92 Or.App. 255, 757 P.2d 1371, 1372 (1988) (nurse who contracted hepatitis-B when she either pricked herself with a needle or from the inmates she treated who were infected with the disease, established a legal and medical causation that she contracted the disease in the workplace and was therefore entitled to workmen's compensation); *Sacred Heart Medical Center v. Dept. of Labor & Industry,* 92 Wash.2d 631, 600 P.2d 1015, 1018–19 (1979).

In the case *sub judice,* appellee could not ascribe any specific source of causation giving rise to his contrac-

tion of hepatitis. He failed to produce any evidence showing that any of the trauma victims he aided had the disease, relying instead on evidence which tended to show that it was possible that one or more of these people had the disease. Further, he failed to produce expert medical evidence of causation. *See Wilhelm v. State Traffic Comm'n*, 230 Md. 91, 100, 185 A.2d 715 (1962). Unfortunately, the mere possibility or speculation that he contracted the disease while performing his duties as an EMT was insufficient to establish the required causal connection. In *Montgomery County v. Athey, supra*, a police officer's award of workmen's compensation was reversed by Court of Appeals because the evidence that he contracted tuberculosis from a prisoner was no more than a "speculative guess" and the law requires a showing of a "reasonable probability that the disability came from an accidental injury which arose out of and in the course of the employment." *Id.* 227 Md. at 314, 176 A.2d 766.

Thus, appellee failed to meet his burden of proof and should not have been awarded Special Disability Retirement; however, he did establish that he was disabled and is entitled to Ordinary Disability Retirement.

JUDGMENT REVERSED; COSTS TO BE EQUALLY DIVIDED BETWEEN THE PARTIES.