REEVES MOTOR COMPANY ᴇᴛ ᴀʟ. *v.* REEVES

[No. 160, October Term, 1953.]

*Decided May 25, 1954.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*C. William Gilchrist,* with whom was *W. Earle Cobey,* on the brief, for appellant.

Submitted on brief by *Louis A. Fatkin,* for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court for Allegany County reversing an order passed by the State Industrial Accident Commission which disallowed a claim of the appellee.

The claimant, appellee, Harold R. Reeves, filed a claim for compensation as a result of an injury on the tenth day of November, 1951. A hearing was held before the State Industrial Accident Commission and compensation was disallowed by that Commission. An appeal was noted to the Circuit Court for Allegany County, where the case was tried before the trial judge and a jury. The jury found that the claimant had sustained an accidental injury arising out of and in the course of his employment on November 10, 1951; as a result of such injury he was temporarily totally disabled until June 12, 1952; he suffered permanent partial disability as a result of the accident on November 10, 1951; and his permanent partial disability was forty per centum. The court having instructed the jury that the claimant had a pre-existing disability of twenty per centum prior to the accident of November 10, 1951, therefore the jury found that twenty per centum partial disability was caused by that accident of November 10th.

The appellants, Reeves Motor Company and Hartford Accident and Indemnity Company, filed a motion for a directed verdict on the ground that other than temporary total disability from November 10, 1951, to November 24, 1951, the claimant had offered no legally sufficient evidence that the accident of November 10, 1951, was the proximate cause of his temporary total disability or his permanent partial disability thereafter. This motion was refused. The appellants filed a motion for a judgment n.o.v. on the same ground, which was also refused. From a refusal of those motions, appellants appeal to this Court.

The appellants admit that the accident of November 10, 1951, happened within the scope of appellee's em-

ployment. The question here presented is whether there is any legally sufficient evidence to justify submitting to the jury the question whether there was any causal connection between the accident of November 10, 1951, and the operation which resulted in temporary total disability after November 24, 1951, and the permanent partial disability.

Of course, in deciding whether the demurrer prayer and the motion for a judgment n.o.v. should have been granted, we must resolve all conflicts in the evidence in favor of the appellee and assume the truth of all evidence and all inferences which may naturally and legitimately be deduced therefrom which tend to support his claim. *Eisenhower v. Baltimore Transit Co.*, 190 Md. 528, 532, 59 A. 2d 313; *Kaplan v. Stein*, 198 Md. 414, 416, 84 A. 2d 81. The burden is upon the claimant, appellee, to show the causal connection between the accident on November 10, 1951, and the operation on December 27, 1951, and the results thereof.

The facts of the case follow. Harold E. Reeves, claimant, appellee, thirty-four years of age, is employed as shop foreman in a garage operated by his father, Harry V. Reeves, Sr., owner of Reeves Motor Company near Westernport, Maryland. The appellee has never been employed by any person other than his father, except for his service in the United States Army, since he began working. While employed by his father in 1942 he dislocated his left shoulder while working beneath an automobile in the garage. He was paid compensation for the week he lost from work as a result of that injury. Between the time of his first injury and June 11, 1944, when he entered the Army, the same shoulder was dislocated "approximately six times" and for each dislocation he was paid compensation by the insurance company. He served for about one year in the Army and during that time dislocated his shoulder "at least eight or nine times". As a result he was given a medical discharge and ten per centum permanent disability allowance. After his medical discharge he was operated on at the

Veterans' Hospital at Fort Howard in 1945 in an attempt to correct that condition. His condition improved somewhat. For about two years he had no further disability. In 1947 his shoulder was again dislocated and he was called up for re-examination by the Veterans' Bureau and his disability was increased to twenty per centum. He testified that since 1947 his shoulder has been dislocated at least seven times. In his report to the adjuster for the insurance company, signed by him, the statement was made that between 1947 and up until November 12, 1951, the shoulder "jumped out of place" on the average of every two weeks or a total of about forty-six times.

On October 18, 1951, the claimant was involved in an automobile accident, not in the course of his employment, and among other injuries he suffered a dislocation of his left shoulder. Although Dr. Raymond W. Reeves, of Westernport, had previously attended him for dislocations of his shoulder, he went to Dr. James H. Wolverton, of Piedmont, West Virginia, for the injuries sustained in that automobile accident. This was the only time claimant was treated by Dr. Wolverton. Dr. Wolverton reduced the dislocation and heard of the recurrent dislocations. He suggested to the claimant that he have an operation to prevent this. He recommended an operation by Dr. E. D. Weinberg, of Baltimore, and made an appointment for the appellee with Dr. Weinberg. The claimant returned to work and on November 10, 1951, he suffered another dislocation while working on a customer's automobile in his father's garage. He was treated for that injury by Dr. Reeves and discharged by him on November 24, 1951. Dr. Reeves testified for the claimant that when he discharged him on that date he was in condition to return to work in approximately the same condition as he was prior to the injury, and at that time he had no limitation of movement in his shoulder. In the meantime, Dr. Weinberg, an orthopedic surgeon, examined the claimant on November 15, 1951. He operated on the shoulder on

December 27, 1951. As a result of that operation to prevent dislocation, the shoulder became partially immobilized. Dr. Reeves testified as a result of the operation, the claimant is now suffering from a forty per centum permanent partial disability of the arm. Dr. Reeves also testified that there was no more reason for the operation on December 27, 1951, than there was from the time he treated claimant in the early part of 1951 for that same condition. He further said that this chronic condition had existed from 1942, when he first treated him, to 1951, which was the reason for the operation and the resulting permanent partial disability. Dr. Reeves further testified that after November 10, 1951, the claimant would have continued to suffer dislocations whether he worked at home, at sports, or anything that required him to raise his arm and he could have continued at work whether or not he would have suffered further dislocations in view of his past history. He also said that if the operation had been performed early in 1951, appellee would have had the same limitation of motion which he had after the operation in December of that year; that his condition after the operation was not caused by the injury that he suffered on November 10, 1951. The claimant returned to work on June 15, 1952, and since the operation has suffered no dislocations of his left shoulder. He has permanent partial disability of forty per centum at the present time, of which twenty per centum existed prior to the operation.

It is established in this State that in Workmen's Compensation cases proximate cause means that the result could have been caused by the accident and no other efficient cause has intervened between the accident and the result. Possibility that the injury caused the result must amount to more than a guess and the relation of the accident to the condition complained of in point of time and circumstance must not be merely fanciful. *Baber v. Knipp & Sons,* 164 Md. 55, 163 A. 862; *Moller Motor Car Co. v. Unger,* 166 Md. 198, 206, 170 A. 777;

*Bethlehem Steel Co. v. Ruff*, 203 Md. 387, 101 A. 2d 218. The law requires proof of probable, not merely possible facts, including causal relationship. *Paul Construction Co. v. Powell*, 200 Md. 168, 181, 88 A. 2d 837. If the accidental injury has accelerated or aggravated an existing disease or infirmity, the claimant is entitled to disability. *Cabell Concrete Block Co. v. Yarborough*, 192 Md. 360, 366, 64 A. 2d 292; *Great Atlantic & Pacific Tea Co. v. Hill*, 201 Md. 630, 95 A. 2d 84. Under the Workmen's Compensation Act, compensation should not be allowed in a case in which the injury, which is the basis of the claim, cannot be attributed to some service or act in the employment or found to be reasonably incidental thereto, but ensues from some hazard to which the workman would have been equally exposed apart from his employment. *Consolidated Engineering Co. v. Feikin*, 188 Md. 420, 425, 52 A. 2d 913. Here, the only testimony of this causal connection is the testimony of claimant's own physician, Dr. Reeves, called by claimant as a witness. Dr. Reeves testified that when he discharged claimant on November 24, 1951, he was in condition to return to work and that he was in approximately the same condition as he was prior to that injury. He did not say that the accident could have caused the operation and the subsequent disability. He did not say there was a possibility that the accident of November 10th accelerated, aggravated or made the operation necessary. He said that the claimant would have continued to suffer these dislocations wherever and whenever he was required to raise his arm. In fact, he testified definitely that claimant's condition after the operation was not caused by the injury which he suffered on November 10th and that there was no more reason for the operation in November, 1951, than there was early in 1951, before the accident. This is not the case of reopening an old claim for injury wherein the claimant's condition has become worse or new disability has developed. This claim is one for a new injury occurring on November 10, 1951, to which claimant attributes

both his temporary total and permanent partial disability.

Finding that there is no evidence of causal connection between the accident relied on and the operation and subsequent disability, we must conclude that the trial court erred in not withdrawing from the jury the issue relating to permanent partial disability and in not instructing the jury that temporary total disability ended on November 24, 1951. The judgment will therefore be reversed.

*Judgment reversed, with costs, and case remanded for further proceedings.*