HUGHES *v.* CARTER ET AL.

[No. 46, September Term, 1964.]

*Decided November 11, 1964.*

The cause was argued before HENDERSON, C. J., and PRESCOTT, MARBURY, SYBERT and OPPENHEIMER, JJ.

*William W. Travers* and *Walter C. Anderson,* with whom were *Webb & Travers* on the brief, for the appellant.

*Patrick L. Rogan, Jr.,* with whom were *Richardson & Rogan* on the brief, for the appellees.

HENDERSON, C. J., delivered the opinion of the Court.

In this motor vehicle accident case the only questions raised on appeal relate to the instructions of the trial court on the matter of damages. It is first contended that the trial court erred in refusing to instruct the jury to disregard the medical testimony connecting the pneumonia suffered by the female appellee with the accident, on the ground that it was insufficient.

When Dr. Smith, the attending physician, was called by the

plaintiffs, his testimony was not very positive. He testified that she had no evidence of pneumonia when she was treated and x-rayed at the hospital the night of the accident, but that she had it the next morning when he examined her. It showed then in the x-rays and she had a temperature. When asked if the accident caused the pneumonia he first said it was possible, then that it was probable, and finally that he would not "pin it down", but thought it was possible. He explained that pneumonia was sometimes caused by a patient being confined to bed, and sometimes it followed a compression-type injury to the chest. He had described one of the injuries she had suffered as "severe compression of the right chest."

The appellant cites *Ager v. Baltimore,* 213 Md. 414, 421, for the proposition that the jury may not be permitted to "form a judgment or conclusion on the basis of testimony which admits of mere possibilities." But in *Charlton Bros. v. Garrettson,* 188 Md. 85, 94, Judge Markell, for the Court, said: "The law requires proof of probable, not merely possible, facts, including causal relations. Reasoning *post hoc, propter hoc* is a recognized logical fallacy, a *non sequitur*. But sequence of events, plus proof of *possible* causal relation, may amount to proof of *probable* causal relation, in the absence of evidence of any other equally probable cause" (citing cases). See also *Wilhelm v. State Traffic Comm.,* 230 Md. 91, 103 and cases cited, including *Bethlehem-Sparrows Point Shipyard, Inc. v. Scherpenisse,* 187 Md. 375, and *Baltimore City Pass. Ry. v. Kemp,* 61 Md. 74; 61 Md. 619. We think there was sufficient evidence of a causal connection in the instant case to warrant submission of the question to the jury.

The appellant next objects that the court, over objection, permitted the jury to consider the loss to the husband of the services of the wife. It is not disputed that this is a proper element of damages. See *Sezzin v. Stark,* 187 Md. 241, 258, and note 151 A.L.R. 479. The point of objection is simply that there was no proof of monetary amount. We find no error. Mrs. Carter testified she was unable to perform her household duties for over two months. She also testified that when she did "day's work" for others, as she occasionally did when she was laid off from her regular factory work, she "always made $8.00

a day," sometimes $8.50. Thus, there was evidence of the value of her household services even if we assume, without deciding, that proof of any specific amount is necessary. Cf. *Graling v. Reilly*, 214 F. Supp. 234 (D.D.C.).

Lastly, the appellant contends that the trial court erred in permitting the jury to award compensation for the injuries and losses the plaintiffs "will sustain in the future as a result of the accident." There is a clear distinction between "permanent" injuries, not claimed in the case at bar, and "suffering in the future." Cf. *Kujawa v. Balto. Transit Co.*, 224 Md. 195, 206. We think there was enough evidence to support the latter. The husband testified that he still had, at the time of trial, a knot on his forehead, which was recurrent, at the exact spot injured in the accident. The wife testified that her leg, injured in the accident, still pained her and interfered with her work on the production line, so that she was occasionally forced to go home and lie down.

*Judgments affirmed, with costs.*