R. H. & E. M. JANUARY, T/A JIMMY'S
CAB ET AL. *v.* GLADYS ZIELENSKI

[No. 1030, September Term, 1974.]

*Decided July 1, 1975.*

The cause was argued before MOYLAN, MENCHINE and LOWE, JJ.

*Joseph B Harlan,* with whom was *Matthew Swerdloff* on the brief, for appellants.

*Leo A. Hughes, Jr.,* with whom was *Robert W. Fox* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

Two weeks after a seemingly minor foot injury, Gladys Zielenski's leg [1] had to be amputated below the knee. The acceleration of a gangrene infection was concededly due to Mrs. Zielenski's diabetic condition. However, it was the initial cause of the loss which gave rise to this claim. Originally denied by the Workmen's Compensation Commission, Mrs. Zielenski found success upon appeal before a jury of the Circuit Court for Baltimore County.

Appellants, R. H. and E. M. January, trading as Jimmy's Cab, had employed Mrs. Zielenski, (appellee) as a cab driver. Having already worked three or four hours that day, she repaired to a cab stand, designated as such by Baltimore County, which had been set aside for cabs to await calls rather than cruising for a fare on already congested streets. After talking with another driver, a Mr. Kruger, she

---

1. But see Smith v. Pyles, 20 Md. App. 478 (1974), *cert. denied* 271 Md. 744 (1974).

approached her cab and in doing so stepped on a sharp stone which caused her to cry out. Mr. Kruger helped her remove her slipper (worn because of an ingrown toe nail) and he noticed a red mark on the ball of her foot.

That night the foot swelled. The following day she went to the hospital and was prescribed treatment and medication but the foot became progressively worse until its ultimate amputation gave rise to the claim for benefits under Md. Code, Art. 101, the Workmen's Compensation Act. Appealing from the jury verdict favorable to Mrs. Zielenski, the employer asserts three grounds of error committed at the *de novo* hearing in the Circuit Court:

1. permitting a doctor to testify to a causal connection between the incident injuring her foot at the cab stand and the amputation;
2. the failure to grant a directed verdict; and
3. error in denying a requested instruction.

### Testimony of Causal Connection

Appellants' complaint is that following the testimony of the treating physician and after several aborted attempts, the doctor was permitted to answer the question:

"Q (BY MR. HUGHES) All right, Doctor, taking into consideration your own background, training, and qualifications, your observations of this party on the day you first saw her, your examination and findings, and also the history taken as reported to by the hospital or added to by the hospital records, you have been shown, have you an opinion as to the probable cause of this flare-up, infection and eventual amputation of the leg? ",

by replying:

"A It is the direct injury of stepping on the stone was the precipitating factor in the development of her infected foot.

The error ascribed asserts the premise that "expert

witnesses must base their opinion on reasonable probability or reasonable certainty . . ." and that because the doctor was not asked "if his opinion was based upon a reasonable degree or probability of medical certainty" error was committed.

Appellants found their contention on *Sun Cab Co. v. Carter*, 14 Md. App. 395, a case arising from a tort action rather than a workmen's compensation claim. A thorough reading, however, seems rather to aid the cause of appellee than appellants:

> "As pointed out in *Hughes v. Carter*, 236 Md. 484, 486, citing *Charlton Bros. v. Garretson*, 188 Md. 85, 94, although the law requires proof of probable, not merely possible facts, including causal relations, '* * * *sequence of events*, plus proof of *possible* causal relations, may amount to proof of probable causal relations, in the absence of evidence of any other equally probable cause.' " [Emphasis added]. *Id.* at 408.

More appropriately we had previously espoused the causal relation doctrine in a workmen's compensation case, *Yellow Cab Co. v. Bisasky*, 11 Md. App. 491, 504-505:

> "In workmen's compensation cases, proximate cause means that the result could have been caused by the accident and no other efficient cause intervened between the accident and the injury. *Baughman Co. v. Mellott*, 216 Md. 278; *Reeves Motor Co. v. Reeves*, 204 Md. 576. Of course, such possibility must amount to more than a guess, and the relation of the accident to the condition complained of, in point of time and circumstance, must be not merely fanciful. *Moller Motor Car Co. v. Unger*, 166 Md. 198; *Baber v. Knipp & Sons*, 164 Md. 55. But a medical expert is not barred from expressing an opinion as to the cause of an injury merely because he is not willing to state it with absolute certainty; his opinion is admissible 'as to the cause which produced, or probably produced, or

might have produced, a certain physical condition.' *Bethlehem Shipyard v. Scherpenisse*, 187 Md. 375, 380. *See also Langenfelder v. Thompson*, 179 Md. 502, 507, wherein the court said: 'The opinion of an expert as to the probability, or even the possibility, of the cause of a certain condition may frequently be of aid to the Jury; for when the facts tend to show that an accident was the cause of the conditions, the assurance of an expert that the causal connection is scientifically possible may be helpful in determining what are reasonable inferences to be drawn from the facts.' "

The admission of the opinion was not error.

### Directed Verdict

A peripheral thrust of appellants' argument is that since appellee "was not operating her cab nor was she on any business of her employer . . . [she] was not in the course of her employment." That statement reflects neither the facts nor the law. She was at an area officially designated for awaiting calls, and thus was about her employer's business. Even if she were resting or relaxing on a break, those intervals would certainly be considered incidental to employment. *Spencer v. Chesapeake Paperboard Co.*, 186 Md. 522, 527; *Mack Trucks, Inc. v. Miller*, 23 Md. App. 271, aff'd 275 Md. 192. See *Riesinger-Siehler Co. v. Perry*, 165 Md. 191. Mrs. Zielenski's testimony clearly indicated that her purpose at the cab stand was to await a fare, either a "walk-up or a call on the radio." Appellants would have us hold that because there was no direct evidence that she "received a call to return to work with her cab" when she stepped on the stone she was not in the course of her employment. To do so we would necessarily have to rule that any clerk hired to attend the public was not in the course of that employment while awaiting, but only when actually attending, a patron. The absurdity of that conclusion sufficiently responds to the contention.

## Peril Common to Mankind

Appellants make passing reference in their directed verdict argument to a sentence they quote from *Maryland Paper Products Co. v. Judson,* 215 Md. 577, 584 and complain that a requested instruction using the sentence was denied.

> " 'The compensation acts have been very generally held not to authorize an award in case of an injury or death from a peril which is common to all mankind, or to which the public at large is exposed . . . .' "

Appellants argue that "walking on the street or sidewalk in bedroom slippers and stepping on a stone is not an injury that arises out of appellee's employment under *Pappas* [*v. Modern Mfg. Co.,* 14 Md. App. 529] [2] in that it does not result from any obligation, condition or incident of the employment under this particular case." Appellants' view is that the injury is rather "clearly an injury from a peril which is 'common to all mankind [and] to which the public at large . . . is exposed.' " The import of the argument is a *non sequitur, i.e.,* that no injury may be recognized under the Act as having occurred in the course of employment unless unique to the employment, and the general public is somehow quarantined against similar exposure. Clearly that was not the Court's intent when Chief Judge Brune used the sentence quoted from *Judson.*

*Judson* also had to determine whether an accident occurred in the course of employment; however, the issue turned primarily upon the fact that he was struck just before entering the building while on his way to work. That which appellant has quoted as a sentence from *Judson,* seemingly espousing a general principle applicable without restriction in Workmen's Compensation law is in reality

---

2. "The words 'out of' refer to the cause or origin of the accident while the phrase 'in the course of' refers to the time, place and circumstances under which it occurs. An injury arises out of employment when it results from some obligation, condition or incident of the employment, under the circumstances of the particular case." Pappas, 14 Md. App. at 532.

only a part of the sentence which, in context, shows that the Court intended to restrict its application to the facts in *Judson*:

> "The general rule with respect to injuries received by an employee while in the street in front of the employer's premises when going to or coming from work is set forth in an annotation in 85 A.L.R. 97-98 which states that '* * * The compensation acts have been very generally held not to authorize an award in case of ar injury or death from a peril which is common to all mankind, or to which the public at large is exposed. * * * And they do not as a general rule cover injuries received while going to or from work on public streets, where the employee has not reached, or has left, the employer's premises.' " *Judson*, 215 Md. at 583-584.

Mrs. Zielenski's testimony that she had already been working three or four hours removed the case at bar from the *Judson* proximity modification of the to-or-from place of employment rule. *Judson*, 215 Md. at 584. The Court of Appeals has never indicated the slightest intention of engrafting so broad a restriction, subject to such effervescent interpretation, upon the Workmen's Compensation Statute. Few, if any, accidents that occur in the course of employment are not also perils which are common to all mankind or to which the public at large is exposed. Finding no intent by the Court to restrict so narrowly the Act's coverage it is certainly not our inclination to make the first move in that direction. To do so would be completely contrary to the liberal construction which the Court of Appeals has repeatedly admonished. *Bethlehem-Sparrows Point Shipyard, Inc. v. Hempfield*, 206 Md. 589; *A. G. Crunkleton Electric Co., Inc. v. Barkdoll*, 227 Md. 364.

*Judgment affirmed.*
*Costs to be paid by appellants.*