472 A.2d 1014

**CONTINENTAL GROUP et al.**

v.

**Howard COPPAGE.**

**No. 1115, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

March 14, 1984.

---

James D. Reed, Baltimore, with whom was Mark T. Hackman, Baltimore, on brief, for appellants.

Joseph F. Lentz, Jr., Baltimore, for appellee.

Argued before WILNER, GARRITY and ALPERT, JJ.

WILNER, Judge.

On November 7, 1979, Howard Coppage, appellee, sustained an accidental injury to his head and back while in the course of his employment by appellant. A year later, the Workmen's Compensation Commission found that Coppage had a five percent permanent partial disability as a result of that accident.

Subsequently, Coppage petitioned to reopen his claim with respect to three issues, one of which was whether seizures he was then experiencing were causally related to the 1979

injury. After a hearing, the Commission, on October 14, 1981, found that the seizures were not causally related to that injury. That conclusion was reaffirmed by the Commission on January 20, 1982, when it denied Coppage's motion for rehearing.

Coppage appealed to the Circuit Court for Dorchester County where a jury, after hearing all of the evidence, concluded that (1) Coppage did indeed have seizures, and (2) those seizures were causally related to the November, 1979, injury. From the judgment entered upon those verdicts, the employer has brought this appeal. It does not contest the sufficiency of the evidence before the jury, but complains only about one instruction given by the court.

At the end of the case, appellant asked for the following instruction on the meaning of "proximate cause":

"For purposes of Workmen's Compensation, 'proximate cause' means that the result could have been caused by the accident, and no other efficient cause has intervened between the accident and the result. However, the possibility that injury caused the result for which workmen's compensation benefits are sought must amount to more than a guess and relation of accident to condition complained of in point and time of circumstance must not be mere fanciful, *since law requires proof of probable, rather than merely possible, facts, including causal relationship.*" (Emphasis supplied.)

The court declined that instruction and told the jury instead:

"The law is that there must be a causal connection between the conditions under which the work is required to be done and the ensuing injury.

In this context, pro[x]imate cause means that, (1) the injury could have been caused by the accident; and (2) that no other efficient cause intervened between the accident and the result.

Proximate cause has further been defined as follows in one of the leading textbook authorities on Workmen's

Compensation Law. In Pressman, on Workmen's Compensation, at page 409, under 'Proximate Cause', the author stated this:

'Proximate Cause means that the result could have been caused by the accident, and that no efficient cause has intervened between the accident and the result. But, such a possibility must amount to more than a guess. Medical testimony is not essential where, by other evidence, causal connection may fairly and logically be shown'."

Appellant excepted to the court's failure to state "that the law requires proof of probable rather than merely possible facts." We find no error.

In *Beth. Shipyard v. Scherpenisse,* 187 Md. 375, 382, 50 A.2d 256 (1946), the Court repeated the admonition in *Larkin v. Smith,* 183 Md. 274, 284, 37 A.2d 340 (1944), that, at least with respect to workmen's compensation cases, it never intended to prescribe any special form in which the trial judge should instruct the jury: "The whole purpose of permitting and encouraging oral instructions to the jury was to permit the judge to discuss the various aspects of the case in ordinary language, and so it is clear that error will not be found in an oral charge merely because of its method of expression." As stated earlier in *Feinglos v. Weiner,* 181 Md. 38, 46, 28 A.2d 577 (1942), and quoted in *Larkin v. Smith,* 183 Md. at p. 284, 37 A.2d 340: "We cannot put the trial judge in a strait jacket, and prescribe or adopt a formula to be used and followed by him." The issue raised by appellant here must be viewed in that light.

Although the courts have wrestled with problems of causation since the enactment of the workmen's compensation law, we may commence our discussion of the substance of appellant's claim of error with *Baber v. Knipp & Sons,* 164 Md. 55, 163 A. 862 (1933). Baber was injured on the job on January 3, 1928. The injury caused a hernia which necessitated two operations. After the surgery, Baber, who previously was normal and mild-mannered, became despondent and irrational; on September 6, 1929, he committed suicide.

The question in the subsequent workmen's compensation case was whether the death resulted from the accidental injury. Reversing a directed verdict for the employer on that issue, the Court of Appeals stated the test thusly at p. 67, 163 A. 862: "It would seem to be established in this state, in workmen's compensation cases, that 'proximate cause' means that the result could have been caused by the accident, and that there has not intervened, between the accident and the result, any other efficient cause."

The Court added a bit to that in *Moller Motor Car Co. v. Unger,* 166 Md. 198, 170 A. 777 (1934), where the issue was also one of causation. After quoting the above passage from *Baber,* the Court stated, at p. 206, 170 A. 777: "Of course, such possibility must amount to more than a guess, and the relation of the accident to the death or condition complained of, in point of time and circumstance, must not be merely fanciful." The workman there was injured on October 20, 1931, when a metal clamp fell some five feet and struck him on the head. He continued to work until November 18, when he became unsteady in walk and speech. He continued to deteriorate thereafter and finally died of a cerebral hemorrhage on January 29, 1932. The attending physician, according to the Court (p. 207, 170 A. 777),

"was unable to say positively what was the cause of the cerebral hemorrhage which caused [the workman's] death; but he did testify that the accident could have been the cause of the illness which he found, and he further said he knew of no intervening cause, although he attended him constantly after his first visit; and that the man grew steadily worse until his death."

That was enough, the Court held, to warrant submission of the issue to the jury and to sustain the jury's finding of compensability.

*Beth. Shipyard v. Scherpenisse, supra,* relied upon by appellant, merely applied the principles stated in *Baber* and *Moller Motor Car Co.* On January 20, while at work, Mr. Scherpenisse stepped on a nail. The wound was dressed and

Scherpenisse returned to work. On January 30, he complained of pain in his leg and an uncomfortable feeling in his head. On February 5, though the foot wound had healed, he suffered severe pain in his leg. He thereafter ran a high fever despite taking a sulfa drug. He was taken to the hospital on February 20, where, for the first time, he was diagnosed as having typhus fever. Scherpenisse died March 8.

Before the Commission, the claimant's medical expert opined that the causal connection was a "possibility." Based on that, the Commission denied the claim. On appeal, another physician testified with somewhat more certainty; his opinion, said the Court of Appeals 187 Md. at p. 383, 50 A.2d 256; "was more than mere guess or expression of possibility." The circuit court reversed the Commission.

Although three questions were raised before the Court of Appeals, the Court viewed "the basic question" as whether the evidence on causation sufficed to permit submission of the case to the jury. In that context, the Court stated, at p. 382, 50 A.2d 256:

"It is undeniable that mere possibility of causal connection between a workman's accidental injury and his death is not of itself sufficient to make a submissible case. The connection between a workman's injury and his death must be more than a mere guess or conjecture in point of time and circumstance. *M.P. Moller Motor Car Co. v. Unger,* 166 Md. 198, 206, 170 A. 777. The evidence must make the claimant's theory of the cause of death at least reasonably probable, and must justify the inference that the death resulted from the accident rather than from some other cause."

As the expert's testimony at the judicial proceeding was "more than a mere guess or expression of possibility," the Court concluded that there was sufficient evidence to submit the issue to the jury.

The Court considered a causation question again in *Paul Construction Co. v. Powell,* 200 Md. 168, 88 A.2d 837 (1952).

On June 19, 1950, Mr. Powell sustained a work-related injury that caused a ruptured spinal disc. On July 28, he was operated on; seventeen hours later, he died of what the doctors claimed was *delirium tremens.* They associated that with chronic alcoholism rather than any effect of the operation, and the question arose as to whether the death was proximately caused by the accidental injury. Noting that the evidence as to whether Powell was an alcoholic or drank to excess was in dispute, the Court of Appeals affirmed a jury verdict favorable to the claimant. In the course of its discussion, the Court, quoting at p. 181, 88 A.2d 837 from *Charlton Bros. Co. v. Garrettson,* 188 Md. 85, 94, 51 A.2d 642 (1947)—a tort case in which causation was an issue—stated:

"The law requires proof of probable, not merely possible facts, including causal relations. Reasoning *post hoc, propter hoc* is a recognized logical fallacy, a *non sequitur.* But sequence of events, plus proof of *possible* causal relation, may amount to proof of *probable* causal relation, in the absence of evidence of any other equally probable cause."

The concept or standard of proximate cause, said the Court, seemed to be broader in workmen's compensation cases. Thus, when, even without medical testimony, "there is shown to be a direct sequence from an accident to the alleged consequences . . . all apparently set in motion by the accident and culminating in death or disability, causal relation may be inferred from such sequence in the absence of affirmative evidence of an independent intervening cause." *Paul Construction Co.* at 186, 88 A.2d 837.

The issue was revisited upon the Court in *Reeves Motor Co. v. Reeves,* 204 Md. 576, 105 A.2d 236 (1954), also in the context of whether the evidence as to causation sufficed to withstand a motion for directed verdict. The claimant in *Reeves* suffered from repeated and frequent dislocations of his shoulder, a condition that began with an injury sustained in 1942. Between 1942 and October, 1951, his shoulder became dislocated dozens of times, in the later years on the average of once every two weeks. In November, 1951, he

sustained a work-related injury that also resulted in a dislocated shoulder. In December, to correct the condition, he underwent an operation that left him with a forty percent disability of the arm, a disability he sought to attribute to the November, 1951, injury. There was, however, no medical evidence to support such attribution. The doctor testified that the operation was no more necessary after the November injury than before, that it was to correct the chronic condition existing since 1942, and "that his condition after the operation was not caused by the injury that he suffered on November 10, 1951." *Id.,* 581, 105 A.2d 236.

Upon that evidence, the Court of Appeals had no difficulty in concluding that a directed verdict should have been granted for the employer. It was in that context that the Court, at p. 581, 105 A.2d 236, summarized the test as follows:

> "It is established in this State that in Workmen's Compensation cases proximate cause means that the result could have been caused by the accident and no other efficient cause has intervened between the accident and the result. Possibility that the injury caused the result must amount to more than a guess and the relation of the accident to the condition complained of in point of time and circumstance must not be merely fanciful. *Baber v. Knipp & Sons,* 164 Md. 55, 163 A. 862; *Moller Motor Car Co. v. Unger,* 166 Md. 198, 206, 170 A. 777; *Bethlehem Steel Co. v. Ruff,* 203 Md. 387, 101 A.2d 218. *The law requires proof of probable, not merely possible facts, including causal relationship. Paul Construction Co. v. Powell,* 200 Md. 168, 181, 88 A.2d 837." (Emphasis in text supplied.)

This basic concept has been restated on a number of occasions since *Reeves,* each time in slightly different language. *See, for example, Baughman Co. v. Mellott,* 216 Md. 278, 283, 139 A.2d 852 (1958), citing *Reeves* for the proposition that "in compensation cases 'proximate cause means that the result could have been caused by the accident and no other efficient cause has intervened between the accident

and the result' "; *Bethlehem Steel Co. v. Jones,* 222 Md. 54, 58, 158 A.2d 621 (1960), adding to that statement merely that "the proof must rise above a mere guess or speculation"; *Montgomery County v. Athey,* 227 Md. 312, 314, 176 A.2d 766 (1962): there must be a showing of "a reasonable probability that the disability came from an accidental injury" amounting to "more than a speculative guess"; *Atlas Gen'l Ind. v. Phippin,* 236 Md. 81, 89, 202 A.2d 767 (1964), reverting to the criterion "that the result could have been caused by the accident and no other efficient cause has intervened between the accident and the result"; *Yellow Cab. Co. v. Bisasky,* 11 Md.App. 491, 504, 275 A.2d 193 *cert. den.* 262 Md. 745 (1971), where we added back the statement from *Moller Motor Car Co., supra,* that "such possibility must amount to more than a guess, and the relation of the accident to the condition complained of, in point of time and circumstance, must not be merely fanciful." *See also Board of Trustees v. Grandinetti,* 269 Md. 733, 737, 309 A.2d 764 (1973); *Sheet Metal C. & L. Corp. v. Maxwell,* 19 Md.App. 572, 580, 313 A.2d 500 (1974); *January v. Zielenski,* 27 Md.App. 390, 393, 340 A.2d 381 (1975).

■ These cases demonstrate rather effectively what was said in *Larkin* and *Scherpenisse,* both *ante,* that in this area there is no special form or language in which the trial judge should instruct the jury. The "bottom line" is this: the evidence must, at a minimum, establish beyond mere conjecture or guess that the injury could have caused the consequence and that there was no other intervening cause. If that thought is effectively conveyed to the jury, the omission to include the words "probable" or "reasonably probable" is not fatal.

■ Although we do not endorse the practice of reading from treatises in the giving of instructions, and indeed urge the trial courts to refrain from doing so, we think that the instruction on causation given in this case fairly stated the test. The alternative instruction requested by appellant was

proper, but its rejection in favor of the one given was not reversible error.

JUDGMENT AFFIRMED; APPELLANTS TO PAY THE COSTS.