536 A.2d 132

James R. MARTIN, Jr.

v.

**ALLEGANY COUNTY BOARD OF COUNTY
COMMISSIONERS, et al.**

No. 660, Sept. Term, 1987.

Court of Special Appeals of Maryland.

Jan. 19, 1988.

Ronald C. Brubaker, Cumberland, for appellant.

John J. Coyle, Jr. (Hidey, Coyle & Getty, on brief), Cumberland, for appellees.

Argued before WILNER, WEANT and KARWACKI, JJ.

WEANT, Judge.

Appellant, James R. Martin, Jr., suffered an accidental injury to his back in September of 1980 while employed by the appellee, Allegany County Board of County Commissioners. Appellant was awarded benefits as a result of the accident. Sometime after this he left his county job and began working for the City of Cumberland. While working for the City, appellant suffered two more accidental injuries to his back: one in February, 1984 and the other in October, 1985. In October, 1985, he sought additional temporary total disability benefits from the Workmen's Compensation Commission (the Commission) for a period beginning in that month. The record in the present case does not disclose who the parties were before the Commission or what its order was. The Commission's decision was appealed to the Circuit Court for Allegany County. On that appeal, a jury answered four special interrogatories as follows:

1. Has the Claimant's [appellant's] disability resulting from injuries to his back worsened since July 2, 1985?

[Yes]

2. Do you find that the present total disability of the Claimant [appellant] is causally related to his accident of September 1980?

[Yes]

3. Do you find that the present total disability of the Claimant [appellant] is causally related to his accident of February 1984?

[Yes]

4. Do you find that the present total disability of the Claimant [appellant] is causally related to his accident of October 1985?

[Yes]

The parties to that circuit court appeal were the County and its insurer as well as the City and its insurer for the February 1984 accident, but, apparently, not the City's insurer for the October 1985 accident. The County and its insurer moved for judgment notwithstanding the verdict. The trial court denied the motion and remanded the case to the Commission where appellant would be entitled to prove his entitlement, if any, to compensation. No appeal was taken from the jury verdict or the circuit court's denial of the motion for judgment notwithstanding the verdict.

On remand, the parties before the Commission were the County and its insurer, as well as the City and its insurers for both the February 1984 accident and the October 1985 accident. The Commission awarded appellant temporary total disability benefits. The benefits were to be paid entirely by the County (and its insurer) based on the September 1980 accident. No part of the award was apportioned to either of the two subsequent accidents.

The County appealed the Commission's order to the Circuit Court for Allegany County. The County then filed a motion for summary judgment based on alternative

grounds: First, that there was insufficient evidence before the Commission for it to find a causal relationship between appellant's disability and the September 1980 accident; Second, that the Commission's order was contrary to the jury's verdict in the first circuit court appeal. The trial court granted summary judgment to the County on the ground that the Commission did not have sufficient evidence before it to find a causal relationship between the September 1980 accident and appellant's temporary total disability. The appellant now challenges that decision.

Appellant presents only one question on appeal: "Is the temporary total disability of the appellant causally related to the accidental injury of September 4, 1980?"

We will agree with appellant that the jury's finding of a causal relationship between the September 1980 accident and his temporary total disability became the law of the case. Therefore, we will also address the question of whether the Commission's order on remand was inconsistent with the jury verdict.

### I.

■ The proposition that the Commission lacked sufficient evidence to find a causal relationship between the September 1980 accident and appellant's disability assumes that the Commission needed such evidence. It did not. When the jury in the first circuit court appeal found the existence of such a causal relationship, that finding became the law of the case. *Vinci v. Allied Research Associates*, 51 Md.App. 517, 523–24, 444 A.2d 462, 466–67 (1982). The Commission could not ignore or amend the jury's finding. There was no need for the Commission to take evidence on a matter which had already been decided for it by the circuit court, a higher tribunal. Therefore, we disagree with the ground relied upon by the circuit court in granting appellee's motion for summary judgment.

### II.

■ The jury's unappealed findings of causal relationships between appellant's disability and the accidents of

February 1984 and October 1985 also became the law of the case for all who were parties to that appeal. *Id.* The Commission's order on remand therefore had to be consistent with the jury verdict. We hold that it was not.

The jury's verdict was that appellant's disability was caused by three separate accidents. The case involves temporary disability rather than permanent disability. Therefore, the responsible employer was not entitled to have the award apportioned to account for the other two accidents. Md.Ann.Code art. 101, § 36(7). The question remains, however, which employer was liable for the disability. The Commission imposed liability on appellant's employer at the time of the first injury, appellee County. It should have imposed liability on the employer at the time of the third accident; namely, the City. (The merits of appellant's claim for the October 1985 incident are not presently before us.)

Article 101, § 36(7) provides for apportionment of an employer's liability in cases of permanent disability where the employee's disability is due in part to some disease or infirmity that existed before the compensable accident. The subsection contains language stating that it is inapplicable to cases of temporary total or temporary partial disability. That language was added, effective 1960, at the recommendation of a commission set up to study Maryland's Workmen's Compensation system. The purpose of the legislation was to clarify the manner in which cases of temporary disability resulting from more than one source were to be resolved:

> The Study Commission recommends that Section 36(7) be amended so as to clearly spell out that apportionment of disability due in part to a pre-existing disease or infirmity, shall apply only to *permanent disability and not temporary total and temporary partial disability.* In other words during a temporary disability of an injured employee following an accidental injury, he should receive compensation in full for such disability without regard to whether it is due in part to a pre-existing

disease or infirmity. The Workmen's Compensation Commission has always construed it in that manner, but recently such interpretation has been questioned in some court appeals and the Study Commission feels that there should be no ambiguity about it. Accordingly Bill number 7 is herewith attached. [Emphasis in original.]

Third Report of the Commission to Study Maryland's Workmen's Compensation Laws and the Operation of the State Industrial Accident Commission Now Known as the Workmen's Compensation Commission, reprinted in Legislative Council of Maryland, Report to the General Assembly of 1960, 191, at 192 (1959).

That benefits are to be awarded for a temporary disability without regard to pre-existing disease or infirmity makes clear that it is the final accident contributing to the disability which is to serve as the basis for liability. In the case at bar, once it was established that appellant's temporary disability was caused, at least in part, by the October 1985 injury, benefits were to be awarded *without regard to* appellant's pre-existing infirmities, including those resulting from the September 1980 accident. If benefits are to be awarded without regard to that accident, they obviously cannot be awarded against the employer for that accident. The Commission's order was therefore inconsistent with the jury's finding that the October 1985 accident was causally related to appellant's disability.

Our conclusion is also mandated by the case of *Reeves Motor Co. v. Reeves*, 204 Md. 576, 105 A.2d 236 (1954). In *Reeves*, the Court of Appeals discussed the requirement of proximate cause in Workmen's Compensation cases: "It is established in this State that in Workmen's Compensation cases proximate cause means that the result could have been caused by the accident and no other efficient cause has intervened between the accident and the result." *Id.* at 581, 105 A.2d at 239. The jury's finding that the accidents of February 1984 and October 1985 were causally related to appellant's disability establishes those accidents as intervening efficient causes between the September 1980 accident

and the disability. Thus, although the September 1980 accident was "causally related" to the disability, it could not be considered the proximate cause of the disability. Therefore, appellant could not be compensated in this case on the basis of that accident.

For these reasons, the Commission's order was properly reversed by the circuit court's entry of summary judgment.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.