■ In the Matter of the Claim of BRYAN L. PECOR, Appellant, v DONALD E. PECOR, Doung Business as PECOR FARMS, Appellant, and STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. —Appeal from a decision of the Workers' Compensation Board, filed February 22, 1979, which disallowed a claim for compensation for lack of an employer-employee relationship between the parties. Claimant, age 17 at the time of his injury, had been employed on his father's family dairy farm for approximately four years. His assignments included the operation of a feeding system for 148 head of cattle, for which he was paid weekly wages, as appears on the farm payroll record, and also received certain noncash benefits. Claimant was injured while removing a tree limb, an additional duty conceded by the carrier to be farm work. However, it denied liability on the ground that claimant was not an employee within the meaning of the Workers' Compensation Law owing to the lack of an "express contract of hire" (Workers' Compensation Law, § 2, subd 4), and noted that his compensation was not included in determining the annual premium. The board agreed and reversed the decision of the Administrative Law Judge. In relevant part, subdivision 4 of section 2 of the Workers' Compensation Law provides that the term "employee" does not include "the spouse or minor child of an employer who is a farmer unless the services of such spouse or minor child shall be engaged by said employer under an express contract of hire". The board's decision obviously rests on its conclusion that a contract of this type cannot exist in the absence of a writing. We disagree (cf. *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). The statute does not explicitly require a writing and it can hardly be thought the Legislature would fail to employ such language had such a precondition been intended. It seems plain to us that the term "express" was meant to serve as a limitation, but only to the extent that implied contracts of hire would not suffice to qualify minor farm workers as employees. Here, claimant had specific responsibilities and received definite compensation for his efforts. Accordingly, the decision should be reversed and the matter remitted to the

board for further proceedings. Decision reversed, with costs to appellants against the insurance carrier, and matter remitted to the board for further proceedings not inconsistent herewith. Greenblott, J. P., Kane, Main and Mikoll, JJ., concur.

Herlihy, J., concurs in the following memorandum. Herlihy, J. (concurring). The present board decision is somewhat ambiguous and might be read as construing subdivision 4 of section 2 of the Workers' Compensation Law as requiring a written contract. I agree that such a construction of the statute would be lacking a rational foundation. However, upon the present record the board appears to be holding that the failure of the employer to furnish a written contract to the insurer when requested demonstrates factually the lack of any express agreement. The board's decision is too ambiguous for review by this court on the issue of an express contract and upon remittal it should make further findings as to whether or not there was an express oral contract of hire, it being conceded there was no written contract. For the foregoing reasons I concur in the reversal and remittal of the proceeding to the board.