In the Matter of the Claim of HARRY PADDOCK et al., Respondents, v PADDOCK FARMS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Levine, J.

Decedent, aged 16, worked as a farmhand on his parents' dairy farm for approximately two years. He died on September 26, 1980, having been pinned beneath a tractor which he had been driving as part of his job. His parents, claimants herein, filed a claim for death benefits under their workers' compensation policy, which specifically provided that the policyholders' employed relatives, salaried or not, would be covered, subject to premium charges. The farm's insurance carrier contested this claim, citing Workers' Compensation Law § 2 (4), which excludes from coverage a minor child of a farm employer unless there is "an express contract of hire". The Workers' Compensation Board ultimately ruled in favor of claimants, finding that decedent had worked pursuant to an express contract of hire, thereby creating an employment relationship between him and claimants' farm.

On this appeal, the insurance carrier argues that the Board's decision was not based on substantial evidence. We cannot agree. There was testimony before the hearing panel that an oral contract of employment had been entered into by decedent and his parents in 1978. At that time, it was agreed that decedent would perform whatever work was assigned to him on the farm for 1½ to 2 hours after school each day, and for a full day on Saturdays. Decedent was also to work full time during his summer vacations. In exchange for these services, he was to receive payment at a rate of $3 per hour. The terms of this contract were abided by for the approximately two years which ensued until decedent's death.

The carrier bases its contention that there was no express employment contract on the fact that the contract was not in writing, that decedent did not have a specific job assignment, and that his pay was remitted to him sporadically, depending on the farm's cash flow. However, this court, in a very similar case, has held that a contract need not be in writing to be considered "express", so long as the employee has "specific responsibilities" and receives "definite compensation for his efforts" (*Matter of Pecor v Pecor,* 77 AD2d 704). In this case, the record reveals that decedent's responsibilities were sufficiently specific given the variety of tasks required of a farmhand, i.e., doing whatever chores most needed his attention during his scheduled work hours. Further, he received definite compensation at the rate of $3 per hour. The fact that these payments were sometimes late or were twice made in kind (a used car and a vacation trip) rather than in cash does not render the compensation any less definite.

Further evidence brought forth at the hearing to support the Board's finding of an express contract of employment showed that decedent's salary was entered on the farm checkbook register along with the other farm expenses, that the farm would have hired another worker had decedent refused the contract terms, and that, after decedent's death, his parents did in fact hire a replacement to do what had been decedent's job.

On this record, there was substantial evidence to support the Board's factual finding of a contractual employment relationship. Accordingly, its determination must be affirmed (*see, Matter of Axel v Duffy-Mott Co.,* 47 NY2d 1, 6; *Matter of Lothrop v Hamilton Wright Orgs.,* 45 AD2d 784, 785).

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.